### GEO. A. HORMEL & CO. v. CHICAGO, M. & ST. P. RY. CO. et al.

(Circuit Court of Appeals, Eighth Circuit. September 11, 1922.)

No. 6001.

I. Appeal and error ⬅273(9)—Exceptions to findings and failure to make findings held insufficient.

In a law action, a clause at the close of the trial court's findings of fact and conclusions of law, "An exception will be allowed each of the parties to each finding and conclusion or part thereof not proposed by such party," and also allowing an exception to court's failure to give proposed findings and conclusions, *held*, under Rev. St. § 1011 (Comp. St. § 1672), to amount to nothing, because a mere exception presents no ruling of the court for review.

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**2. Appeal and error ⊂⟹1008(1)—Finding of fact conclusive.**

A finding of fact by the trial court is not subject to review on writ of error.

**3. Appeal and error ⊂⟹704(2)—Exceptions to failure to give findings not sustainable, where record does not show that any findings were proposed.**

In a law action, a clause at the close of the trial court's findings of fact and conclusions of law, "an exception will * * * be allowed to each of the parties to the refusal or failure of the court to adopt any finding or conclusion proposed by such party," *held*, under Rev. St. § 1011 (Comp. St. § 1672), to amount to nothing, because the record did not show that either party proposed findings of fact or conclusions of law.

**4. Appeal and error ⊂⟹719(8)—Assignment of error necessary to review question that facts found do not support judgment.**

Though, under Rev. St. §§ 649, 700 (Comp. St. §§ 1587, 1668), if special findings are made, the question whether facts found support judgment may be raised on appeal, such question is not reviewable, in absence of assignment of error.

In Error to the District Court of the United States for the District of Minnesota; Wilbur F. Booth, Judge.

Action by Geo. A. Hormel & Co. against the Chicago, Milwaukee & St. Paul Railway Company and others. Judgment for defendant, and plaintiff brings error. Affirmed.

George Patterson Boyle, of Chicago, Ill. (J. N. Nicholsen, of Austin, Minn., on the brief), for plaintiff in error.

J. N. Davis, of Chicago, Ill. (A. G. Briggs, of St. Paul, Minn., and F. H. Towner and O. W. Dynes, both of Chicago, Ill., on the brief), for defendants in error.

Before CARLAND and LEWIS, Circuit Judges, and MUNGER, District Judge.

LEWIS, Circuit Judge. This action, tried without a jury, was brought by plaintiff in error, a corporation, on December 23, 1918, to recover damages alleged to have been sustained by it from May 13, 1915, to May 1, 1917, which, as it charges, resulted from certain methods and practices as to freight rates exacted of and paid by it to defendants on shipments of fresh and cured meats from its packing plant at Austin, Minn., to points east of the Indiana-Illinois line, and which practices, rates and charges were found by the Interstate Commerce Commission at a regular hearing to be discriminatory, unduly prejudicial to plaintiff and unduly preferential to its competitor at Mason City, Iowa. Plaintiff's petition on which the hearing was had and the administrative finding made was filed with the commission on June 23, 1917. The petition invoked action as to the rates for a period from May 13, 1915, to May 1, 1917, only. It did not submit to the commission the question of reparation for damages, if any, that it had suffered on account of rates about which it made complaint. The findings and conclusion were reported on April 24, 1918 (49 Interst. Com. Com'n R. 639). However, the pleadings in this cause and the findings of fact made by the district judge at the trial show that the plaintiff filed its petition with the commission in August, 1914, against these same defendants, in which it made complaint of the same subject mat-

ter covered by its petition of June 23, 1917. It alleged in its first petition and contended at the hearing thereon that the rates and charges which it was then paying and had theretofore been paying on packing house products shipped from its plant to points east of the Indiana-Illinois line were unreasonable, that they were also discriminatory, unduly prejudiced it and unduly preferred its competitor, and it also asked in that petition for reparation on account of damages that it had suffered and thereafter would suffer as a result of the discrimination. That controversy after hearing was taken under advisement on May 13, 1915, and the commission reported its findings and conclusions on January 19, 1917 (43 Interst. Com. Com'n R. 23). It found that the freight rates that petitioner was then paying and had theretofore been paying were not unreasonable but that they were discriminatory, unduly prejudicial to petitioner and unduly preferred its competitor, and directed that an order be entered requiring defendants to cease and desist on or before May 1, 1917, and thereafter, from the practices which had brought about the discrimination. It further found that petitioner was not entitled to damages, thus:

"There is no basis for an award of reparation shown on this record, and none will be awarded."

The procedure was taken, of course, pursuant to the Act of Feb. 4, 1887 (24 Stat. 379), as amended by subsequent Acts. Comp. Stats. § 8563 et seq.

The first petition submitted to the commission the question and issue of reparation thus:

"That said defendants and each of them be commanded to pay unto complainant reparation for the unlawful charges hereinbefore described, together with reparation for the unlawful charges that defendants, or any of them, may hereafter exact and receive from complainant; and that such other and further order, or orders, be made as the commission may consider proper in the premises and complainant's cause may appear to require."

The commission's report on the second petition sets out the action which it took on the first, including its findings that there was no basis for an award of reparation. It is then said:

"We are here asked, upon another complaint, to pass upon the propriety of these same rates for the period from May 13, 1915, the date of submission of the other case, to May 1, 1917, the effective date of the order in that case, in order that the complainant, as it states in correspondence relating to the complaint, 'may secure such an administrative or quasi-judicial finding as will enable us to sue in a court for reparation.'"

It is then found that "the circumstances and conditions of transportation from Austin and Mason City to the points involved during the period here in question were substantially similar, relatively, to those affecting the transportation between the same points during the period immediately preceding the date of submission of the other case, covered by the finding in that case," that the rates were discriminatory, as in the prior report; and concludes thus:

"This finding does not imply that our finding made in the prior case was not effective until May 1, 1917, the effective date of the order therein; but is in the alternative, whether the finding in the prior case spoke as of the date of the adoption of the report or of the effective date of the order."

No direction was given that an order be entered. None, indeed, was necessary after the order on the first petition.

The plaintiff had the option under the ninth section of the Act (Comp. St. § 8573) to seek and obtain on its first petition, only an administrative order as to the propriety of the rates which it was then being charged, and if the commission should find in its favor on that subject plaintiff then would have had the right to bring an action in court for its damages. It was not required that it seek reparation from the commission. Railroad Co. v. Coal Co., 238 U. S. 456, 35 Sup. Ct. 896, 59 L. Ed. 1406; Railroad Co. v. Tie Co., 242 U. S. 288, 291, 37 Sup. Ct. 120, 61 L. Ed. 305. It also had the right and option under that section to ask in that petition both for an administrative finding by the commission that the rates were in contravention of the provisions of the Act to regulate commerce, and also for a finding and order by the commission on the subject of reparation. It was required of plaintiff that it elect which of the two courses it would adopt and pursue. The ninth and sixteenth sections of the Act (Comp. St. §§ 8573, 8584) control the procedure thus:

Ninth. "Any person or persons claiming to be damaged by any common carrier subject to the provisions of this act may either make complaint to the commission as hereinafter provided for, or may bring suit in his or their own behalf for the recovery of the damages for which such common carrier may be liable under the provisions of this Act, in any district or circuit court of the United States of competent jurisdiction; but such person or persons shall not have the right to pursue both of said remedies, and must in each case elect which one of the two methods of procedure herein provided for he or they will adopt."

Sixteenth. "If, after hearing on a complaint made as provided in Section 13 of this Act (permitting filing of petition), the Commission shall determine that any party complainant is entitled to an award of damages under the provisions of this Act for a violation thereof, the Commission shall make an order directing the carrier to pay to the complainant the sum to which he is entitled on or before a day named."

Obviously, the plaintiff elected in its petition of August, 1914, to adopt the first method given by the ninth and sixteenth sections. It complained to the commission that it had been damaged by the carrier and asked for reparation. Counsel concede that there was an election to have the commission pass on its claim for damages, but they say the first petition was finally submitted on May 13, 1915, no testimony on the matter of reparation was thereafter taken, and therefore the election it made is limited to damages that accrued prior to May 13, 1915. If the power of the commission over the subject of reparation had ceased on May 13, so that it could not have heard further testimony and given further consideration to that question after that date, there would be great force in the contention. But we understand it to be the uniform practice on petitions of this kind, in cases in which it appears that the shipper is entitled to reparation, to take further testimony, if necessary, up to the time of removal of the prejudicial rates, and thus settle in one finding the amount which, in the judgment of the commission, should be paid to the shipper as reparation in the one controversy. That appears to have been the course pursued and approved in Meeker v. R. R. Co., 236 U. S. 412, 35 Sup. Ct. 328, 59 L. Ed. 644, Ann. Cas. 1916B, 691, and in R. R. Co. v. Coal Co., 238 U. S. 456, 35 Sup. Ct. 896, 59

L. Ed. 1406. See also R. R. Co. v. G. B. Markle (C. C. A.) 279 Fed. 261. If the report on the first petition had found that plaintiff was entitled to reparation, there can be little doubt that it would have asked to cover its entire damage up to the effective date of the order made on the first petition removing the discrimination—and that, too, as a matter of right, without the need of amending its claim. The commission would have had undoubted jurisdiction to grant that relief. The fact that the commission, when it made its first report, found that plaintiff was not entitled to reparation, had no other or different effect on its power over the subject and its right to determine the whole controversy than a contrary finding would have had. In either event it was clothed with authority under the law and the petition presented to it to settle, prima facie, the amount of damages, if any, to which plaintiff was entitled, growing out of the one subject matter of which complaint was made. As pointedly said by the district judge, the real question is not, what was the scope of the commission's first finding, but, what was the scope of the plaintiff's election, in view of the commission's power? Moreover, we do not regard the second petition, although given a new and later number on the docket, as the institution of a new and independent proceeding, nor do we think it was so regarded by the commission. It was no more than another appearance in the one cause which was already amply covered by the petition filed in August, 1914. It does not seem at all in keeping with the requirements of the Act that the plaintiff may pursue one method to recover a part of its damages and the other for the remainder. The ninth section requires the shipper to make his election between the two methods "in each case," and the sixteenth section requires that all complaints for the recovery of damages shall be filed with the commission within two years from the time his "cause of action" accrues; and it is argued that every exaction of an unlawful charge constitutes a cause of action and makes a case, complete in itself, which the shipper is entitled to separately maintain, and general rules of law that recovery is restricted to what had occurred prior to instituting the action are cited. The argument proves too much. To sustain it, is to open the door to experimental purposes. The election which the section requires would become a mere form to test the judgment of the commission for a short period, and if the ruling was adverse the other method would then be seized upon for the remainder of the two years. We do not think the expressions relied on can be used to serve such purposes. We take the words "each case," in the ninth section, to mean, as here used, the entire claim for damages in the one controversy over the challenged rates. We conclude that plaintiff by its petition of August, 1914, elected to adopt the method of procedure on its claim for damages by submitting that entire claim to the consideration and judgment of the commission, and that having done so, it was precluded from bringing this action on a part of that claim.

This action, as already said, was begun December 23, 1918, and the defendants, relying upon what is said in Phillips Co. v. Grand Trunk Ry., 236 U. S. 662, 35 Sup. Ct. 444, 59 L. Ed. 774, construing the sixteenth section of the Act, contend that even if they were liable recovery could not be had on transactions which were closed prior to

December 23, 1916. In reply our attention is called to Sec. 206 (f): "The period of Federal control shall not be computed as a part of the periods of limitation in actions against carriers or in claims for reparation to the Commission for causes of action arising prior to Federal control," found in the Act of Feb. 28, 1920 (41 Stat. 456). But it will be observed that at the time this Act was passed more than two years had run from May 1, 1917, the last day for which recovery is here sought. There was, then, at the time of the enactment, no liability on the part of defendants, according to the ruling in the Phillips case. Inasmuch as plaintiff must fail on its entire cause of action here for reasons already given, it is not necessary that this point be decided. However, in view of the construction given to Section 16 in the Phillips Case, and also to what is said in Cement Co. v. Int. Com. Comm., 246 U. S. 638, 38 Sup. Ct. 408, 62 L. Ed. 914, we think the contention of defendants must be sustained. See also Kannellos v. Ry. Co. (Minn.) 186 N. W. 389; Jones v. Ry. Co. (N. J. Err. & App.) 114 Atl. 331.

We are of opinion that both questions were rightly decided, and the judgment is

Affirmed.

CARLAND, Circuit Judge, and MUNGER, District Judge. [1-4] We concur in the result for the reason that the trial court found the facts upon a stipulation of the parties and the evidence of O. W. Berg, a witness for the plaintiff, which occupies 20 printed pages of the record. At the close of the findings of fact and conclusions of law made by the court, the following language appears:

"An exception will be allowed each of the parties to each finding and conclusion or part thereof not proposed by such party.

"An exception will also be allowed to each of the parties to the refusal or failure of the court to adopt any finding or conclusion proposed by such party.

"Wilbur F. Booth, Judge."

The first clause amounts to nothing as a mere exception presents no ruling of the court for review, and if it did a finding of fact is not subject to review on writ of error. Rev. Stat. § 1011 (Comp. St. § 1672); Atchison, Topeka & Santa Fé Ry. v. U. S. (C. C. A.) 270 Fed. 1.

The second clause amounts to nothing for the reason stated in connection with the first clause, and for the further reason that the record does not show that either party proposed findings of fact or conclusions of law. The sufficiency of the evidence is therefore not before us, and there is no assignment of error that the facts found do not support the judgment. See sections 649, 700, of Rev. Stat. (Comp. St. §§ 1587, 1668).