N. PELAGGI & CO *v.* CENTRAL VERMONT RY. COMPANY.

February Term, 1922.

Present: WATSON, C. J., POWERS, TAYLOR, MILES, and SLACK, JJ.

Opinion filed June 2, 1923.

*Commerce—Damages to Interstate Shipment—Carriers—Limitation of Liability in Official Classification Controls Over Provisions of Bill of Lading—Regulations Made Pursuant to Statute—Limitation of Action in Interstate Tariff—Carrier Cannot Waive Such Limitation—Presumption Concerning Reasonableness of Regulation—Effect of Modification of Limitation After Time Limit Has Expired—Federal Control as Affecting Limitations—Necessity of Carrier Pleading Defense.*

1. In an action by a shipper against a common carrier for damage to goods during interstate shipment, the rights of the parties are controlled by the federal statutes and regulations relating to interstate commerce, as construed and applied by the United State Supreme Court.

2. The limitations of liability contained in an official classification, in force at the time an interstate shipment was made, apply to such shipment, notwithstanding the bill of lading issued for the shipment was on a form, formerly in use with the approval of the Interstate Commerce Commission, which did not contain the same limitations as the current classification.

3. Regulations respecting interstate shipments, prepared and filed agreeably to the requirements of the federal statutes, so far as consistent therewith, have all the force and standing of federal enactments.

4. Under such a regulation, prescribing a bill of lading which provided that claims must be made within six months after delivery, and that suits thereon should be instituted only within two years and one day after delivery, the action was barred unless instituted within the prescribed time.

5. An interstate carrier cannot waive the provisions limiting the time within which a suit may be brought against it, as contained in the published tariffs and regulations made pursuant to the statute, nor be estopped from taking advantage thereof.

6. Although the statute itself did not prescribe limitations as to the time for bringing an action, but merely imposed restrictions upon the right of the carrier to contract with respect thereto, where a limitation fixed by the carrier in its published tariffs and regulations had been approved as reasonable by the Interstate Commerce Commission and was consistent with the statutes, such limitation was conclusively presumed to be reasonable.

7. Where the time for instituting an action had expired under such limitation, the rights of the parties thereby became fixed, and the subsequent modification of such limitation by the Commission did not restore the right of action.

8. The provisions of Transportation Act Cong. Feb. 28, 1920, § 206 (f), that the period of Federal control should not be computed as a part of the periods of limitation in actions against carriers, is inapplicable where the limitation is a matter of contract.

9. Under the requirements of the Interstate Commerce Act (U. S. Comp. St., § 8563 *et seq.*) respecting uniformity, in an action for damage to an interstate shipment, brought after the period of limitation prescribed by the contract had expired, the carrier was bound to make that defense thereto.

ACTION OF CONTRACT to recover for damages to an interstate shipment. Pleas, a general denial, and that the action was not commenced within two years and one day from the time the cause of action accrued. Replication of no such limitation, and of

waiver, and estoppel. Trial by jury, at the September Term, 1921, Washington County, *Moulton,* J., presiding. On motion the court directed a verdict for the defendant, and judgment was entered thereon. The plaintiff excepted. The opinion states the case. *Affirmed.*

*Theriault & Hunt* for the plaintiff.

*W. R. McFeeters* for the defendant.

TAYLOR, J. This is an action for damage to a granite keystone shipped· by the plaintiff from Northfield, Vt., to Orange, N. J., over the lines of the defendant and its connecting carriers, the Erie Railroad being the carrier at the point of delivery. The keystone arrived at its destination in a damaged condition on September 19, 1917. On October 2, 1917, the consignee gave the Erie Railroad notice of claim for damages and on October 10, 1917, paid the "expense bill." January 24, 1918, the plaintiff mailed to the defendant's claims agent a claim in writing for damage to the keystone, receipt of which was acknowledged the following day. Negotiations for adjustment of the claim, both by correspondence and by personal interviews, were pending until November 8, 1919, when the plaintiff was informed that nothing more could be done in the matter. This action was commenced January 14, 1920, nearly two years and four months after delivery of the shipment.

Besides the general denial the defendant answered, in substance, that the action was not commenced within two years and one day from the time the cause of action accrued. The plaintiff replied thereto, in substance, that the contract under which the shipment was carried contained no limitation as to time within which the action should be commenced; but if such there was, the defendant by its conduct set forth in the replication had waived the limitation and estopped itself from relying thereon in defense to the action. At the close of the evidence the court sustained the defendant's motion for a directed verdict, holding in effect that the action was barred by plaintiff's failure to make claim in writing for the damage complained of within four months after delivery of the property, and, as well, by failure to commence the action for the damage within two years and one day after delivery. In granting the motion the court held that

the limitations specified in bills of lading had the force of law and could not be waived. Exceptions saved to the direction of a defendant's verdict present the principal questions before us for review.

[1] Since this was an interstate shipment the rights of the parties are controlled by federal statutes and regulations relating to interstate commerce, as construed and applied by the Supreme Court of the United States. *Piper* v. *Boston and Maine Railroad,* 90 Vt. 178, 97 Atl. 508; *Atchison, etc., Ry. Co.* v. *Robinson,* 233 U. S. 173, 180, 58 L. ed. 901, 34 Sup. Ct. 556. The parties disagree as to what the contract was under which this shipment moved and particularly what limitations, if any, it contained respecting actions for damage to the property. The bill of lading issued to the plaintiff was on a form formerly in use with the approval of the Interstate Commerce Commission. Among other conditions it provided: "Claims for loss, damage, or delay must be made in writing to the carrier at the point of delivery or at the point of origin within four months after delivery of the property, or, in case of failure to make delivery, within four months after a reasonable time for delivery has elapsed. Unless claims are so made the carrier shall not be liable." The federal statute in force at the time of the shipment made it unlawful for a carrier in interstate commerce to provide by rule, contract, regulation, or otherwise a shorter period for giving notice of claims than ninety days, and for the filing of claims a shorter period than four months, and for the institution of suits than two years; with the provision, however, that if the loss, damage, or injury complained of was due to delay or damage while being loaded or unloaded, or damage in transit by carelessness or negligence, then no notice of claim nor filing of claim should be required as a condition precedent to recovery. Barnes' Fed. Code, § 7976 (U. S. Comp. St., § 8592).

At the time of this shipment Official Classification No. 44, so-called, was in force and on file in the defendant's office at Northfield. The bill of lading prescribed by such classification for interstate shipments contained this condition: "Except where the loss, damage or injury complained of is due to delay or damage while being loaded or unloaded, or damaged in transit by carelessness or negligence, as conditions precedent to recovery claims must be made in writing to the originating or delivering carrier within six months after delivery of the property * * *

or, in case of failure to make delivery, then within six months * * * after a reasonable time for delivery has elapsed; and suits for loss, damage, or delay shall be instituted only within two years and one day after delivery of the property, or, in case of failure to make delivery, then within two years and one day after a reasonable time for delivery has elapsed.''

[2-4]    It must be held that the limitations of liability contained in Official Classification No. 44 apply to this shipment notwithstanding they were not a part of the bill of lading issued to the plaintiff.    As the regulations found therein were prepared and filed agreeably to the requirements of the Federal statutes, they have, so far as they are consistent with such statutes, all the force and standing of federal enactments.    *Piper* v. *Boston and Maine R. R.*, *supra*, affirmed in *Boston and Maine R. R.* v. *Piper*, 246 U. S. 439, 62 L. ed. 820, 38 Sup. Ct. 354, Ann. Cas. 1918E, 469.    Congress has established a uniform rule of liability, to effectuate which the provisions of the official classification in force at the time of the shipment are deemed to enter into and form a part of the contract of shipment.    *Boston and Maine R. R.* v. *Hooker*, 233 U. S. 97, 111, 58 L. ed. 868, 34 Sup. Ct. 526, L. R. A. 1915B, 450, Ann. Cas. 1915D, 593; *Galveston, etc., Ry. Co.* v. *Woodbury*, 254 U. S. 357, 65 L. ed. 301, 41 Sup. Ct. 114. It follows that the limitations as to time within which claims for damage must be made and suits therefor instituted, found in Official Classification No. 44, apply to the shipment in controversy.    Tested by the conditions there imposed the claim for damage was seasonably made; but the action is barred, nevertheless, by failure to institute the suit within the time limited unless the plaintiff is entitled to the benefit of the exception respecting ''damage in transit by carelessness or negligence,'' or is able to sustain the claim relied upon at the trial that the defendant had waived the limitation and was estopped by its conduct from relying thereon.    The plaintiff assumes in argument that actions for damage in transit by negligence are not affected by the limitation as to time for instituting the suit and makes much of the claim that on the evidence the question whether the damage to the keystone was due to negligent handling in transit was for the jury.    If it be conceded that the evidence had the tendency claimed for it, still it can avail the plaintiff nothing. It must be held that the exception relates only to the necessity of making a claim in writing as a condition precedent to recovery.

In other words, the fact that the damage resulted from negligence in transit would dispense with the necessity of making the *claim* otherwise required, but it would not relieve the plaintiff of the requirement that the action be commenced within the time limited.   Not only is this the fair construction of the regulation standing alone, but any possible doubt disappears when the regulation is read in connection with the proviso of the statute (quoted above) on which it is based.

[5]   Nor does the evidence relied upon to show waiver or estoppel afford the plaintiff any comfort.   The question is settled by the holdings of the United States Supreme Court.   It is said in *Georgia, F. and A. R. R. Co.* v. *Blish Milling Co.,* 241 U. S. 190, 60 L. ed. 948, 36 Sup. Ct. 541:   "The parties could not waive the terms of the contract under which the shipment was made pursuant to the federal act; nor could the carrier by its conduct give the shipper the right to ignore these terms which were applicable to that conduct and hold the carrier to a different responsibility from that fixed by the agreement made under the published tariffs and regulations.   A different view would antagonize the plain policy of the act and open the door to the very abuse at which the act was aimed."   The Court held in *Texas and Pacific Ry. Co.* v. *Leatherwood,* 250 U. S. 478, 63 L. ed. 1096, 39 Sup. Ct. 517, in effect that the terms of a bill of lading in respect to conditions of liability, like a rate properly filed, are binding upon the shipper and carrier alike, and have in effect the force of a statute of which all affected must take notice; and that a carrier cannot be prevented by estoppel or otherwise from taking advantage of such conditions.   To the same effect are *Metz Co.* v. *Boston and Maine R. R.,* 227 Mass. 307, 116 N. E. 475; *Perkins* v. *New York, N. H. and H. R. Co.,* 232 Mass. 337, 122 N. E. 306; *Humphrey-Cornell Co.* v. *Hines,* 97 Conn. 21, 115 Atl. 561.   The claim is made that the Leatherwood Case does not have the force of authority, as the decision was by a divided court and only four of the Justices really concurred in the holding respecting estoppel.   However, we are constrained to regard it as controlling.   The holding is consonant with what is said in the Blish Milling Co. Case, and we think should be taken as determinative of the question here.

[6, 7]   It is urged that if the limitation could not be waived, it was unreasonable and not enforceable.   The point is made that the statute did not prescribe limitations, but merely imposed

restrictions upon the right of the carrier to contract with respect thereto. Such was the effect of the statute, but the trouble with the claim is that the Commission, acting under authority conferred by the statute, had approved of the limitation as being reasonable. 52 Interst. Com. Com'n R., 671. Its reasonableness is a matter of law. *Missouri, K. & T. R. R. Co.* v. *Harriman,* 227 U. S. 657, 672, 57 L. ed. 690, 698, 33 Sup. Ct. 397; *Leigh Ellis & Co.* v. *Davis,* U. S. Ad. Ops. 1922-1923, p. 262, 67 L. ed. —, 43 Sup. Ct. 243. Being consistent with the statute, so long as the limitation remained in force it was conclusively presumed to be reasonable, and was of binding force in all proceedings to establish the rights of the parties. *Piper* v. *Boston and Maine R. R., supra,* and cases there cited. It does not avail the plaintiff that subsequently, in *Decker & Sons* v. *Director General,* 55 Interst. Com. Com'n R., 453, decided December 2, 1919, the Commission modified the limitation in force when plaintiff's cause of action arose. The rights of the parties had before that time become fixed. Besides, the Commission did not undertake to make the new regulation retroactive, but in express terms made it prospective only. *Humphrey-Cornell Co.* v. *Hines, supra.* The further point is urged, though not made below, that the question is affected by an amendment of the statute approved February 28, 1920, providing that the period for instituting suits should be computed from the day when the carrier gives notice of the disallowance of the claim. 41 U. S. St. at L. p. 494, § 438. If this claim had been seasonably made it would not save the plaintiff. The amendment, adopted after the rights of the parties were determined, has no bearing. *Northern P. R. R. Co.* v. *Wall,* 241 U. S. 87, 93, 60 L. ed. 905, 908, 36 Sup. Ct. 493. The question is not one involving a change in a statute of limitations, but whether a statute subsequently enacted can be given the effect to disturb vested rights under a contract or invalidate existing contracts good when made. To give the amendment the effect claimed for it would open up a serious constitutional question.

[8, 9] Another claim not made below is that the provision of the Transportation Act, section 206 (f), approved February 28, 1920, "the period of federal control shall not be computed as a part of the periods of limitation in actions against carriers * * * for causes of action arising prior to federal control," applies to to the limitation in question and operates to remove the bar.

Whether there is any exception to the general rule so often announced that only points raised below can be relied upon here to secure a reversal need not be considered, for the rule aside the claim cannot be sustained. The limitation was a matter of contract. *Chicago, etc., Ry. Co.* v. *Cramer,* 232 U. S. 490, 58 L. ed. 697, 34 Sup. Ct. 383. The time agreed upon within which suit should be brought had elapsed. The rights of the plaintiff were irretrievably lost by failure to bring himself within the requirements of the tariff schedules. Congress could not deprive the defendant of vested rights under the contract. Indeed, in view of the requirements of the Commerce Act (U. S. Comp. St., § 8563 *et seq.*), respecting uniformity, the defendant would be bound to make the defense relied upon. *Phillips Company* v. *Grand Trunk Western Ry. Co.,* 236 U. S. 662, 59 L. ed. 774, 35 Sup. Ct. 444. It has been held in *Jones* v. *Delaware, etc., R. R. Co.,* 96 N. J. Law 197, 114 Atl. 331, that the section was inapplicable to actions under the Federal Employers' Liability Act (U. S. Comp. St., §§ 8657-8665). *Lazarus* v. *New York C. R. R. Co.* (D. C.), 271 Fed. 93, relied upon by the plaintiff, was reversed by the Circuit Court of Appeals, Second Circuit, in *New York C. R. R. Co.* v. *Lazarus,* 278 Fed. 900. The court there held that Congress did not intend the section to apply to tariff schedules required to be filed with the Interstate Commerce Commission; but that if it had attempted to suspend the limitation contained in the contract the legislation would have been invalid under the Fifth Amendment. We are not aware that the precise question has been passed upon by the Supreme Court; but a similar question was before the Court in *Leigh Ellis & Co.* v. *Davis, supra.* The action was for the "short delivery" of a shipment of cotton over a railroad while in federal control. The bills of lading contained the same limitation for instituting suits for damage that is involved here. The suit was begun more than two years and one day after delivery. The defendant was the agent designated by the President against whom suits growing out of Federal control should be brought. Section 206 (a) of the Transportation Act provides that such suits may be brought "within the periods of limitation now prescribed by state or federal statutes but not later than two years from the * * * passage of the act." It was urged that the contract limitation was overridden by section 206 (a) of the Act. The Court said: "The contention is supported with some ingenuity, but

we think it enough to observe that the general purpose was to limit not to extend, rights of action, and that we cannot suppose that it was intended to invalidate existing contracts, good when made.'' The judgment below for the defendant on the ground that the action was too late was affirmed. The Lazarus Case is cited in support of the holding and thus seems to have the approval of the Court.

This disposition of the main question makes it unnecessary to consider other questions argued.

*Judgment affirmed.*

NOTE:—MILES, J., having retired took no part in the disposition of the case.