149 So. 462

PAUL KLOPSTOCK & CO., Inc., v.

UNITED FRUIT CO.

No. 32175.

May 29, 1933.

Rehearing Denied July 7,.1933.

Edouard F. Henriques, Sp. Asst. in Admiralty to Atty. Gen., and W. B. Spencer, Jr., Asst. U. S. Atty., of New Orleans, for defendant appellant.

Spencer, Gidiere, Phelps & Dunbar, of New Orleans, for appellant United Fruit Co.

McCloskey & Benedict and M. M. Irwin, all of New Orleans, for appellee.

BRUNOT, Justice.

This is an appeal from a judgment against the defendant for damage to an export shipment of wheat flour while in transit from

the port of New Orleans to the port of Havana, Cuba.

This case was before us in 1930, on appeal from a judgment maintaining a plea of prescription based on the provisions of Act No. 223 of 1914. This court, in setting that judgment aside and remanding the case for the reception of certain evidence, said:

"Our conclusion is that, on the record as made up, there was no error in sustaining the prescription of two years, provided by the law of this state, namely, by Act No. 223 of 1914. However, plaintiff has filed in this court an affidavit, purporting to show that the flour was shipped in two cars on the same date from St. Joseph, Mo., for direct trans-shipment via United Fruit Company steamer to Cusco & Co., Havana, Cuba, and which also purports to show that the cars, containing the flour, remained on the railroad tracks, at New Orleans, only long enough to transfer the shipment, in the usual course of business, to the steamship direct. To this affidavit are attached copies of railway bills and receipts, which purport to show substantially the same facts. * * *

"The foregoing evidence is important to plaintiff in its effort to defeat the plea of prescription, and if it exists its production is necessary in the administration of justice. * * *

"As to whether the affidavit shows that the flour was transported by the carriers under a common control management or arrangement, as provided by section 1 of the Interstate Commerce Act, we think that the copies of the railway bills and receipts attached to the affidavits sufficiently suggest a com-

mon arrangement to justify us in remanding the case." 171 La. 296, 131 So. 25, 27.

When the case from which we have quoted was argued, the contention was that the federal statute of limitations applied because the shipment was one within the intendment of section 1 of the Interstate Commerce Act (49 USCA § 1), and under the provisions of the federal statute of limitations prescription began to run at the time the cause of action accrued. It was upon this theory that the case was remanded to enable the plaintiff to fix with reasonable certainty the character of the shipment.

We now find that there is no federal statute of limitations applicable to an action in damages against a common carrier for damage to freights in transit, or for delay in its delivery to the consignee. Section 16 (3) (b), 49 USCA § 16 (3) (b), is as follows: "All complaints against carriers subject to this chapter for the recovery of damages not based on overcharges shall be filed with the commission within two years from the time the cause of action accrues, and not after, subject to subdivision (d) of this paragraph."

The foregoing provision applies only to the specific cases with which the Interstate Commerce Commission is vested, by the provisions of the act, with jurisdiction to award reparation. The commission and the federal courts recognize this rule, and both have held that the commission has no jurisdiction to award reparation for loss or injury to freight. The rule is stated in Roberts on Federal Liability of Carriers, vol. 1, p. 632, § 316, and followed by Commissioner Harlan, in the case of J. C. Blume & Co. v. Wells Fargo & Co., 15 I. C. C. 53. In the case of Louisiana &

Western Railroad Co. v. Gardiner, 273 U. S. 281, 47 S. Ct. 386, 388, 71 L. Ed. 644, the Supreme Court of the United States said:

"The bills of lading issued by petitioner undertook to restrict the institution of suits for loss to two years and one day after delivery of the property. This restriction does not accord with the Transportation Act which declared unlawful any limitation shorter than two years from the time notice is given of the disallowance of the claim, and is therefore ineffective. See Chicago & N. W. R. Co. v. Bewsher (C. C. A. [8th]) 6 F.(2d) 947. But neither the above-quoted provision from the Cummins Amendment nor the one from the Transportation Act was intended to operate as a statute of limitation. They restricted the freedom of carriers to fix the period within which suit could be brought—prohibited contracts for any shorter period than the one specified.

"Here, although the rights of the parties depended upon instruments the meaning and effect of which must be determined according to rules approved by the federal courts, *there was no federal statute of limitations and the local one applied.* Campbell v. Haverhill, 155 U. S. 610, 613, 39 L. Ed. 280 et seq., 15 S. Ct. 217; Chattanooga Foundry & Pipe Works v. Atlanta, 203 U. S. 390, 397, 51 L. Ed. 241, 244, 27 S. Ct. 65; Meeker v. Lehigh Valley R. Co., 236 U. S. 412, 423, 59 L. Ed. 644, 645 [P. U. R. 1915D, 1072], 35 S. Ct. 328, Ann. Cas. 1916B, 691." (Italics by this court.)

For the reasons stated, we have reached the conclusion that, regardless of the character of the shipment, whether made within the intendment of the Interstate Commerce

Act or otherwise, Act No. 223 of 1914 is applicable and the defendant's plea of prescription should be maintained. It is therefore decreed that the judgment appealed from be avoided, that defendant's plea of prescription be maintained, and that plaintiff's suit be dismissed at its cost.