come from him and it may be that liability, if any, might attach to him.

We have concluded therefore that in the interest of justice to the partners themselves and to the partnership and also to outstanding creditors if any, whose rights have not been determined, that the case be remanded to the trial court. It may well be that further investigation by the judicial liquidator might bring to light something more than he has been able to discover up to this time. Under Article 458 of the Code of Practice, the court may, if it deems necessary, order another report to be made or another examination of accounts by the auditors. Certainly also it would seem that more testimony should be taken on the question of Perez's duties with regard to handling the cash and funds of the partnership, as alleged by Taliancich, and if he had such control, further investigation should be made as to whether or not there was any negligence on his part in conducting his duties in that connection to the end that any liability to the partnership may be ascertained.

For the reasons stated it is ordered that the judgment appealed from, be, and the same is hereby reversed, annulled and set aside and the case is now remanded to the District Court for further trial and proceeding in accordance with the views herein expressed. Costs of this appeal are to be paid by the liquidator and all other costs shall await the final determination of the suit.

59 So.2d 195

**NEUSS, HESSLEIN & CO., Inc. v. LOUISVILLE & NASHVILLE R. CO. et al.**

No. 40314.

April 28, 1952.

Deutsch, Kerrigan & Stiles, New Orleans, for appellant.

Chaffe, McCall, Toler & Phillips and Leon Sarpy, John N. McKay, U. S. Atty., Francis A. Ledet, Ass't. U. S. Atty., all of New Orleans, for appellee.

FOURNET, Chief Justice.

This case is before us on certiorari to review the judgment of the Court of Appeal, Parish of Orleans, affirming the judgment of the district court (1) maintaining a plea of prescription under the provisions of Act 223 of 1914, LSA–R.S. 45:1100, and dismissing plaintiff's claim for $1,308 against the defendant, Louisville & Nashville Railroad Company, due to the loss òf goods shipped by plaintiff from Alabama for carriage by defendant railroad and delivery for export via defendant United

Fruit Company at New Orleans; and also (2) dismissing, on the merits, the plaintiff's alternative claim for the said loss against the defendant United Fruit Company. See La.App., 50 So.2d 855.

The plaintiff, on April 17, 1942, delivered to the railroad at Speigner, Alabama, for transportation under a contract evidenced by bill of lading, five bales of unfinished cotton goods, consigned to a freight forwarding agency at New Orleans, W. L. Richeson & Sons, for the account of plaintiffs. That agency, upon being advised of the arrival of the goods at New Orleans, instructed the railroad to deliver the shipment to United Fruit Company at its wharf for transportation to Panama; however, according to the facts found by the District Court and the Court of Appeal, the goods were never delivered to United Fruit Company. Claim for nondelivery and loss of the merchandise was duly filed, within the period prescribed in the bill of lading, with the railroad company on November 17, 1942. The claim was declined on October 2, 1944, and this suit was instituted on November 29, 1944.

The applicable section of the Interstate Commerce Act, as amended by the Transportation Act of 1920, c. 91, Secs. 434–438, 41 Stat. 456, 494, 49 U.S.C.A. § 20(11), as amended, provides that "Any common carrier, railroad, or transportation company subject to the provisions of this chapter receiving property for transportation from a point in one State * * * to a point in another State, * * * shall issue a receipt or bill of lading therefor, and shall be liable to the lawful holder thereof for any loss, damage, or injury to such property caused by it * * * and no contract, receipt, rule, regulation, or other limitation of any character whatsoever shall exempt such common carrier, railroad, or transportation company from the liability imposed; * * * Provided further, That it shall be unlawful for any such receiving or delivering common carrier to provide by rule, contract, regulation, or otherwise a shorter period for the filing of claims than nine months, and for the institution of suits than two years, such period for institution of suits to be computed from the day when notice in writing is given by the carrier to the claimant that the carrier has disallowed the claim or any part or parts thereof specified in the notice * * *."

The bill of lading in this case, labeled "Uniform Straight Bill of Lading," issued in conformity with the foregoing provisions, contains this stipulation: *"As a condition precedent to recovery,* claims must be filed in writing with the receiving or delivering carrier, or carrier issuing this bill of lading, or carrier on whose line the loss, damage, injury or delay occurred, within nine months after delivery of the property * * * and suits shall be instituted against any carrier only within two years and one day from the day when notice in writing is given by the carrier to the claimant that the carrier has disallowed the claim or any part or parts.

thereof specified in the notice. *Where claims are not filed or suits are not instituted thereon in accordance with the foregoing provisions, no carrier hereunder shall be liable,* and such claims will not be paid." (Italics ours)

The defendant railroad, nevertheless, relying on the cases of Louisiana & Western Railroad Co. v. Gardiner, 273 U.S. 280, 47 S.Ct. 386, 71 L.Ed. 644, and Paul Klopstock Co. v. United Fruit Co., 177 La. 811, 149 So. 462, contends that the federal act is not a statute of limitation but only restricts the freedom of carriers to fix the period within which suit can be brought, and therefore Act 223 of 1914 (now incorporated in Louisiana Statutes Annotated —Revised Statutes of 1950, Sec. 45:1100) is controlling. The pertinent language of that statute is that "all actions * * * against common carriers * * * for loss of or damage to shipments of freight, shall be prescribed by the lapse of two years, from the date of shipment."

While the two cases relied on by the defendant declare that the provision quoted supra from the Transportation Act is not a statute of limitation, a careful examination discloses that they are not applicable from a factual standpoint and therefore not necessarily controlling. In the Gardiner case the railroad company, in its bills of lading, undertook to restrict the time for institution of suits to a shorter period than provided in the Transportation Act, and the Supreme Court of the United States held the stipulations to be illegal and ineffective and therefore applied the state statute of limitation. The Klopstock case presented the same factual situation, see 171 La. 296, 131 So. 25, when the appeal was first considered by this Court, and therefore the holding in the Gardiner case was properly followed. However, the observation in the opinion on second appeal that "regardless of the character of the shipment, whether made within the intendment of the Interstate Commerce Act or otherwise, Act No. 223 of 1914 is applicable and the defendant's plea of prescription should be maintained", [177 La. 811, 149 So. 463.] was not necessary to a decision of the case and is not controlling. Moreover, it is not supported by law, logic, or sound reasoning.

 By execution of the bill of lading covering the shipment here involved, the plaintiff entered into a contract with the defendant carrier in strict accordance with the Act of Congress, the power of which to regulate commerce between the states is supreme. Art. I, Sec. 8, Constitution of the United States. The contract therefore has the effect of law and is binding on the parties, and the validity of the limitation imposed is a federal question, Chesapeake & O. R. v. Martin, 283 U.S. 209, 51 S.Ct. 453, 75 L.Ed. 983 to be determined under the general common law, and, as such, is withdrawn from the field of state law or legislation. Missouri, K. & T. R. Co. v. Harriman Bros., 227 U.S.

657, 33 S.Ct. 397, 57 L.Ed. 690; Adams Express Co. v. Croninger, 226 U.S. 491, 33 S.Ct. 148, 57 L.Ed. 314; Michigan Central Railroad Co. v. Vreeland, 227 U.S. 59, 33 S.Ct. 192, 57 L.Ed. 417. A mere reading of the provision of the Transportation Act quoted above leads to the inescapable conclusion that Congress clearly intended to allow the parties to such contracts, as a condition precedent to recovery for any loss, damage or injury to the goods, to fix a period within which claims must be filed and suits instituted; and while the Congress did not see fit, as it did in the case of complaints filed before the Commission, Sec. 16, Interstate Commerce Act, as amended, 49 U.S.C.A. § 16(3), to enact a statute of limitation, it did, by declaring it unlawful for any "common carrier to provide by rule, contract, regulation, or otherwise, a shorter period for the filing of claims than nine months, and for the institution of suits than two years, such period for institution of suits to be computed from the day when notice in writing is given by the carrier to the claimant that the carrier has disallowed the claim", manifest a congressional policy as to lawful contractual time limitations. Of necessity such contracts preempt the field and supersede any laws of the several states on the subject matter. Scheibel v. Agwilines, Inc., 2d Cir., 156 F.2d 636; see, also, Atlantic Coast Line R. Co. v. Chase, 109 Fla. 50, 146 So. 658.

■ In the case of Scheibel v. Agwilines, supra, [156 F.2d 637.] the plaintiff filed suit on May 13, 1941, to recover damages for personal injuries sustained on May 16, 1939, while a passenger on defendant's steamship in the course of transportation from Miami, Florida, to New York, and the defendant opposed on the ground that the action was not commenced within "the one year period limited by the ticket contract." The Florida statute of limitations allowed four years for bringing of actions for personal injuries, and another state statute declared that a contract stipulating time for institution of suits at a period less than that provided by the state statute of limitations was contrary to public policy and void. The ticket contract was drawn in conformity with the applicable federal statute, 46 U.S.C.A. § 183b, containing the same type of restriction relative to time for institution of suit as is incorporated in the Transportation Act. It was held that the time limit in the contract was binding, and that the state statute must yield so that uniformity may prevail in construction of interstate transportation contracts.

To hold otherwise, and as contended for by the defendant carrier (in which it was supported by the Court of Appeal and the District Court), would not only circumvent the provisions of the Transportation Act specifying that time for institution of suit is to be computed from the day the claim is declined by the carrier, but would place the plaintiff here in an anomalous and absurd situation, since under the very terms of its contract with the carrier it was pre-

cluded from filing suit until its claim had been disallowed—such clauses being binding on the parties, see L. M. Kirkpatrick Co. v. Illinois Central R. R. Co., 190 Miss. 157, 195 So. 692, 135 A.L.R. 607; N. Pelaggi & Co. v. Central Vermont R. Co., 97 Vt. 1, 121 A. 441; see, also, Georgia, F. & A. R. Co. v. Blish Mill. Co., 241 U.S. 190, 36 S.Ct. 541, 60 L.Ed. 948, and Chesapeake & O. R. Co. v. Martin, supra—and, of necessity, a suit brought before disallowance of claim would have been premature; yet under the facts of this case the company actually held the claim under consideration for a period of approximately 23 months before declining payment, during which time the two-year period from date of shipment (state limitation) had expired.

 An examination of the record clearly supports the finding of the Court of Appeal and of the District Court that the defendant railroad company never satisfactorily established its claim that it had delivered the goods to the defendant United Fruit Company, and therefore the plaintiff's suit against the latter was correctly dismissed.

For the reasons assigned, the judgment of the Court of Appeal, Parish of Orleans, insofar as it affirms the judgment of the district court dismissing the plaintiff's suit against the defendant United Fruit Company, is affirmed. Insofar as the judgment affirms that of the lower court sustaining the plea of prescription of two years and dismissing plaintiff's suit against the defendant Louisville & Nashville Railroad Company, it is annulled and set aside, and the plea is overruled; and it is now ordered, adjudged and decreed that there be judgment in favor of the plaintiff, Neuss, Hesslein & Co., Inc., and against the defendant, Louisville & Nashville Railroad Co., in the full sum of $1,308, with interest thereon at the rate of 5% per annum from June 15, 1942, until paid, and for costs.