## H. ROUW CO. v. TEXAS & N. O. R. CO.
### No. 12574.

Court of Civil Appeals of Texas.
San Antonio.

June 24, 1953.

Rehearing Denied July 22, 1953.

James E. Little, Edinburg, for appellant.

Kelley, Looney, McLean & Littleton, Edinburg, Baker, Botts, Andrews & Parish, Houston, for appellee.

W. O. MURRAY, Chief Justice.

This suit was instituted by the H. Rouw Company against the Texas & New Orleans Railroad Company to recover damages in the sum of $242.57 on a shipment of tomatoes made in interstate commerce from Edinburg, Texas, to Philadelphia, Pennsylvania. The case was tried to the court without the intervention of a jury and resulted in the court sustaining the defendant's plea of limitation and rendering judgment that plaintiff take nothing, from which judgment the H. Rouw Company has prosecuted this appeal.

It is stipulated by the parties that the plaintiff was entitled to recover the $242.57, together with interest, unless said claim was barred by limitation.

The carload of tomatoes was shipped from Edinburg, Texas, on May 21, 1949. On December 6, 1949, appellant filed with appellee a claim for damages in the sum of $262.66. On October 10, 1950, appellee wrote appellant concerning this claim, in part as follows:

"Upon checking the basis used for claim determination, find that the market for U. S. No. 2 tomatoes, Philadelphia, May 31st, was $2.50, leaving a loss as claimed of $263.66. However, this item is subject to reduction by the 8% unearned commission of $21.09, or a net loss and payment due you $242.-57.

"Authorize amendment to $242.57, and payment will be made. Any amount in excess is respectfully declined."

On January 15, 1951, appellee wrote appellant in part as follows:

"It is our desire to clear this unadjusted item from our account as quickly as possible, however, until we are in receipt of your authorization amending your claim as outlined in the attached, I regret to advise that no further action can be taken."

On November 3, 1952, appellant wrote appellee in part as follows:

"This will be your authority to forward your voucher for the sum of $242.57 in settlement of the claim, as per your letter of October 10, 1950."

The question here presented is, whether or not appellee's letter of October 10, 1950, amounted to a disallowance of appellant's claim, or a part thereof, such as would start the running of the statute of limitations, and which would bar this suit after a period of two years and one day, under the provisions of the Commerce Act, Title 49, § 20(11), and the provisions of the Uniform Bill of Lading required by the Interstate Commerce Commission, this shipment having been made on such Uniform Bill of Lading. Appellant's contention is that inasmuch as this suit was filed for the sum of $242.57, the amount which appellee indicated in the letter of October 10, 1950, it was willing to pay, that same was not barred by the period of limitation above mentioned. Appellant contends that for a period of from ten to twenty years appellant and appellee had been construing the provision relating to limitation, of the Uniform Bill of Lading, as not precluding a suit after a period of two years and one day, on any part of a claim which had not been disallowed by the railroad company. Appellant offered to introduce evidence as to this interpretation of the bill of lading, but the trial court excluded such testimony as being immaterial.

■■ The provisions of the Commerce Act and of the Uniform Bill of Lading are plain and unambiguous. They provide, in effect, that a suit must be brought upon a claim within a period of two years and one day after the railroad company has disapproved a claim or any part thereof. This language is plain and needs no interpretation. In the case at bar there can be no doubt but that the railroad company disallowed a part of the claim filed by appellant. It matters not whether this disallowance was proper, it was sufficient to start the statute of limitation, provided for by the Commerce Act and the Uniform Bill of Lading, to running and it thereafter became the duty of appellant to file its suit within a period of two years and one day, or have its claim forever barred. Burns v. Chicago, Milwaukee, St. Paul & Pacific Railway Co., D.C., 100 F.Supp. 405, affirmed 8 Cir., 192 F.2d 472.

■ The trial court properly excluded the testimony with reference to the interpretation which the parties had theretofore placed upon the provision as to limitation contained in the Uniform Bill of Lading. This is more than a suit between the parties hereto, it is a suit coupled with a public interest. The provisions of the Commerce Act are intended to prevent railroads from discriminating in favor of or against people who ship goods over the railroads. In Barber v. Southern Pacific Co., 51 N.M. 396, 185 P.2d 979, the Court plainly held that a railroad could not waive or be estopped from claiming the provision with reference to limitation of time within which a suit must be filed under the Commerce Act and under the provisions of the Uniform Bill of Lading. It occurs to us that appellant's attempt to establish the interpretation which the parties had placed upon this provision of limitation for a number of years is no different than a plea of waiver or estoppel. It would permit railroads to favor certain shippers by the simple process of placing a construction upon the limitation provision of the Uniform Bill of Lading which was never intended. The evidence was properly excluded. It is contended by appellee that by declining to pay 8% of the claim it in effect disallowed the entire claim, but we do not find it necessary to pass upon this question, as it occurs to us that whenever a railroad disallows any part of a claim, under the provisions of the Commerce Act and the provisions of the Uniform Bill of Lading, it thereby sets in operation the running of limitation, and a claimant must file his suit within two years and one day thereafter or be forever barred from doing so.

The judgment is affirmed.