Willard M. HANGER, Appellant,

v.

ALLIED VAN LINES, INCORPORATED,
Appellee.

No. 3527.

District of Columbia Court of Appeals.

Argued July 27, 1964.

Decided Sept. 25, 1964.

Willard M. Hanger, Washington, D. C., pro se.

Frederick A. Babson, Jr., Washington, D. C., for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

QUINN, Associate Judge.

This was a suit for damages to appellant's property transported by appellee from California to Washington, D. C., and delivered on December 20, 1960. Appellant filed a claim with appellee which was disallowed on February 7, 1961, and April 7, 1961. Thereafter, on December 3, 1963, appellant instituted this suit. Appellee's motion for summary judgment was granted on the ground that the suit was barred under the Interstate Commerce Commission standard household goods bill of lading which covered the shipment. Section 5 thereof provided:

> "As a condition precedent to recovery, a claim for any loss or damage, injury or delay, must be filed in writing with carrier * * * and suit must be instituted against carrier within two (2) years and one (1) day from the date when notice in writing is given by carrier to the claimant that carrier has disallowed the claim or any part or parts thereof specified in the notice. Where a claim is not filed or suit is not instituted thereon in accordance with the foregoing provisions, carrier shall not be liable and such a claim will not be paid."

Appellant contends that two causes of action were stated by the complaint: one for breach of contract, and the other for negli-

gence. He argues that the limitation provision in the contract bars only the first cause of action while the second is based on a common-law right of recovery and governed by the local three-year statute of limitations. Appellee urges that the contract provision bars all claims unless filed within the appropriate time period.

The applicable section of the Interstate Commerce Act, 49 U.S.C.A. § 20(11), as amended, provides:

"Any common carrier, railroad, or transportation company subject to the provisions of this chapter receiving property for transportation from a point in one State * * * to a point in another State, * * * shall issue a receipt or bill of lading therefor, and shall be liable to the lawful holder thereof for any loss, damage, or injury to such property caused by it * * * and no contract, receipt, rule, regulation, or other limitation of any character whatsoever shall exempt such common carrier, railroad, or transportation company from the liability imposed; * * *Provided further, That it shall be unlawful for any such receiving or delivering common carrier to provide by rule, contract, regulation, or otherwise a shorter period for the filing of claims than nine months, and for the institution of suits than two years, such period for institution of suits to be computed from the day when notice in writing is given by the carrier to the claimant that the carrier has disallowed the claim or any part or parts thereof specified in the notice: * * *."

 From the foregoing provision it is apparent that Congress intended to preempt the field and to allow the parties to such contracts to provide conditions precedent for recovery for any loss, damage or injury to the goods. Under such circumstances the laws of the several states are superseded. Neuss, Hesslein & Co. v. Louisville & Nashville R. Co., 221 La. 296, 59 So.2d 195 (1952). See Scheibel v. Ag-

wilines, Inc., 156 F.2d 636 (2d Cir.1946). Appellant's claim is therefore governed by the bill of lading and his failure to file suit within the specified time provided therein precludes any recovery. Burns v. Chicago, M., St. P. & P. R. Co., 192 F.2d 472 (8th Cir. 1951); San Lorenzo Nursery Co. v. Western Carloading Co., 91 F.Supp. 553 (S.D. N.Y.1950); H. Rouw Co. v. Texas & N. O. R. Co., 260 S.W.2d 130 (Tex.Civ.App. 1953). Compare Norton v Shotmeyer, 72 F.Supp. 188 (D.N.J.1947).

Affirmed.