A. L. MURPHY, Appellant,

v.

CITIZENS BANK OF CLOVIS, A. W. Skarda and Lionel G. Skarda, Appellees.

No. 5494.

United States Court of Appeals Tenth Circuit.

April 23, 1957.

T. B. Keleher, Albuquerque, N. M., for appellant.

Everett M. Grantham, Albuquerque, N. M. (Lewis R. Sutin and Grantham, Spann & Sanchez, Albuquerque, N. M., on the brief), for appellees.

Before HUXMAN, PICKETT and LEWIS, Circuit Judges.

LEWIS, Circuit Judge.

The plaintiff-appellant is aggrieved by a judgment summarily dismissing his complaint with prejudice upon each of two grounds: (a) failure to state a claim upon which relief can be granted and (b) the bar of the New Mexico four year statute of limitations. Sec. 23–1–4, N.M. Statutes, 1953 Ann. Appellant has neither designated nor argued in his brief any error arising from the trial court's holding that the complaint fails to state a claim. Failure to comply in this regard with Rule 19 of this Court, 28 U.S.C.A., will warrant an affirmance of the judgment without further consideration. Lohman v. Stockyards Loan Co., 8 Cir., 243 F. 517. The Court of Appeals has no duty to search the record for error upon a ground nei-

ther briefed nor argued. Watts v. U. S., 10 Cir., 220 F.2d 483.

However, since the order of dismissal was with prejudice, we are inclined to consider appellant's contention relative to the trial court's dismissal of the cause as barred by limitation.

On January 24, 1955, appellant filed with the Clerk of the District Court for the District of New Mexico a complaint naming, among others, present appellees as defendants and asserting an alleged claim which, if valid, arose January 30, 1951. Jurisdiction of the court was invoked by diversity and claim for the requisite amount. The complaint, which was filed by appellant in proper person[1] and by mail, was accompanied by an inquiry from appellant as to how long he could defer the service of process without jeopardizing the case because he "would like to wait until near the first of April. Am filing now because the statute runs on part of the cause in the very near future." In a letter of reply on January 24 the Clerk called appellant's attention to Rule 4, Fed.Rules Civ.Proc. 28 U.S.C.A., and in addition stated "It will, therefore, be necessary for you to immediately forward to George W. Beach, U. S. Marshal, Albuquerque, six additional copies in order that he may proceed with the service."

No further developments occurred until over a year later when on February 3, 1956, the Clerk informed appellant that under local Rule 13 of the District Court the matter was, in the discretion of the Court, subject to dismissal for want of prosecution. On March 3, 1956, appellant sent process to the marshal with a request to perfect service.

The question thus presented is whether or not the filing of the complaint one week before the asserted cause of action would be barred by the New Mexico statute served to toll that statute although service of process was not procured for over thirteen months. Under the ruling of Ragan v. Merchants Transfer & Warehouse Company, 337 U.S. 530, 69 S.Ct. 1233, 93 L.Ed. 1520, the law of New Mexico is determinative.

Rule 3 of the New Mexico Rules of Civil Procedure is identical with Rule 3 of the Federal Rules and provides that a civil action is commenced by filing a complaint with the Court. The act of filing a complaint conditionally suspends the statute of limitations and it is not necessary to serve process before the expiration of the limitation period. Isaacks v. Jeffers, 10 Cir., 144 F.2d 26. But the rule so stated is not without qualification and cannot be applied to nullify beyond reason the salutary purpose of statutes of repose. New Mexico has recognized by statute the need of good faith in the filing of actions and of due diligence in the issuance of process in order to toll the statute of limitations. Under Limitations of Actions the New Mexico statute provides, Sec. 23–1–13:

"Commencement of actions— What constitutes.—The filing in the proper clerk's office of the petition, declaration, bill or affidavit, upon the filing of which process is authorized by law to be issued, with intent that process shall issue immediately thereupon, which intent shall be presumed, unless the contrary appear, shall be deemed a commencement of the action."

It is apparent that appellant filed his complaint for the very purpose of tolling the statute of limitations and had no intent to issue process immediately. His letter to the Clerk so stated. His failure to issue process for a period of over thirteen months indicates a continued lack of reasonable diligence, an essential to the effective suspension of the statute of limitations. Isaacks v. Jeffers, supra, and cases cited. The trial court found lack of diligence to exist as a fact. The finding is not erroneous and is fatal to plaintiff's complaint.

The judgment is affirmed.

---

[1]. Those who choose to plead or appear in pro. per. are bound by all applicable rules and enjoy no greater rights than those who employ counsel. Barnes v. U. S., 9 Cir., 241 F.2d 252.