The MOORE COMPANY OF SIKESTON, MISSOURI, a Corporation, and J. E. Moore, Jr., Appellants,

v.

SID RICHARDSON CARBON & GASOLINE COMPANY, a Corporation, Appellee.

No. 17942.

United States Court of Appeals
Eighth Circuit.

July 13, 1965.

Rehearing Denied Aug. 12, 1965.

———◆———

Paul B. Rava, St. Louis, Mo., Lashly, Lashly, Rava, Hyndman & Rutherford, St. Louis, Mo., of counsel, made argument for appellants and filed brief with Weber Gilmore, Sikeston, Mo.

Rufus S. Garrett, Jr., of Garrett & Garrett, Fort Worth, Tex., made argument for appellee and filed brief with Jack O. Knehans of Finch, Finch, Knehans & Cochrane, Cape Girardeau, Mo.

Before VAN OOSTERHOUT, BLACKMUN and MEHAFFY, Circuit Judges.

VAN OOSTERHOUT, Circuit Judge.

This is an appeal by plaintiffs, The Moore Company of Sikeston, Missouri, and J. E. Moore, Jr., from final judgment dismissing their complaint based upon alleged violations of the Robinson-Patman Act and the Clayton Act by defendant Sid Richardson Carbon & Gasoline Company. The court sustained defendant's motion for summary judgment upon the ground that the action was barred by the four-year statute of limitations prescribed by 15 U.S.C.A. § 15b.[1] The trial court's memorandum opinion setting forth the reasons why it considered plaintiffs' cause of action barred by limitation is reported at 237 F.Supp. 817.

We are not here concerned with the merits of plaintiffs' action. The action covers the period from October 23, 1957 (four years prior to the filing date of the complaint) to September 1, 1959. The complaint was filed on October 23, 1961. Summons was promptly issued and service was made on the same day upon a vice president of the defendant in Missouri. Defendant's motion to quash service upon the ground that the officer served was in Missouri only for the purpose of appearing as a witness in an action pending between defendant and plaintiff was sustained on May 12, 1962. Defendant's

---

1. 15 U.S.C.A. § 15b provides: "Any action to enforce any cause of action under sections 15 or 15a of this title shall be forever barred unless commenced within four years after the cause of action accrued. * * *"

motion to dismiss for lack of jurisdiction was overruled.

On September 14, 1963, Judge Harper on his own motion dismissed the complaint for want of prosecution. Thereupon plaintiffs employed their present counsel. On September 24, 1963, motion to vacate order of dismissal was filed. Defendant having obtained leave, filed brief amicus curiae resisting the motion.[2]

On December 13, 1963, Judge Harper sustained plaintiffs' motion to set aside the order of dismissal. The action was reinstated. No attack is here made upon the reinstatement order.

On January 10, 1964, Judge Harper granted plaintiffs leave to amend the complaint. The amendment did not change the basic cause of action. On January 13, 1964, plaintiffs filed amended complaint. Process issued which was served upon the defendant in Texas on January 17, 1964. Defendant appeared and filed answer raising various defenses including the statute of limitations defense under 15 U.S.C.A. § 15b. Extensive discovery proceedings were conducted by both parties. On September 28, 1964, defendant filed motion for summary judgment including the ground "that the action is barred by the statute of limitation because the statute is not tolled merely by commencing an action, but requires also reasonable diligence in obtaining valid service and plaintiffs here failed to exhibit same; * * *"

Judge Meredith, to whom upon rotation this case had been assigned, sustained the motion upon the ground just set out and dismissed the complaint. The trial court in its opinion conceded that the filing of the complaint constituted a commencement of the action. The court further held that plaintiffs had the additional burden of establishing due diligence in the service of process and that such burden had not been met.

The dispositive legal issue presented by this appeal is whether the filing of the complaint in this federal antitrust case is without more a commencement of the action sufficient to toll the applicable federal statute of limitations, 15 U.S.C. A. § 15b. It is defendant's contention, supported by the trial court and disputed by the plaintiffs, that in addition to the filing of the complaint, reasonable diligence in obtaining service of process is required to toll the statute.

We note that this cause of action was created by federal statutes and that a federal statute of limitations applies. Therefore, federal law controls in determining whether the action was properly commenced. See Hanna v. Plumer, 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8; Ragan v. Merchants Transfer & Warehouse Co., 337 U.S. 530, 533, 69 S.Ct. 1233, 93 L.Ed. 1520.

Section 15b clearly bars action not commenced within four years after the cause of action accrues. The alleged violations all took place prior to September 1, 1959. Hence, if the action was not commenced prior to 1964, the year of valid service, the cause of action would be barred by § 15b.

We hold that in a case such as this, based upon federal law and controlled by federal statute of limitation, that the commencement of the action in and of itself is sufficient to toll the statute. Federal Rule of Civil Procedure 3 reads: "A civil action is commenced by filing a complaint with the court." Such rule in our view unmistakedly states in plain, clear, well-understood and unambiguous language that an action is commenced by filing the complaint. The rule sets forth no additional requirements or conditions. The history of the

---

2. It appears from the briefs filed that plaintiffs' prior counsel had inadvertently overlooked the fact that jurisdiction could be obtained in this action over the defendant corporation by service in Texas by reason of the provisions of 15 U.S.C.A.

§ 22. The question discussed in the briefs before the trial court was whether lack of knowledge of such law constituted such lack of diligence in prosecuting the action as to warrant dismissal.

promulgation of the rule is set out by Judge Medina in Messenger v. United States, 2 Cir., 231 F.2d 328. As there shown, suggestions were made that the action abate if jurisdiction by service of process was not obtained within sixty days. Judge Medina in viewing the history of the rule, states:

"In the end, however, no time was specified for the service of process, the Advisory Committee noting that the motion sanctioned by Rule 41(b) provided 'a method available to attack unreasonable delay in prosecuting an action after it has been commenced.' See Report of the Advisory Committee Containing Proposed Rules of Civil Procedure, p. 4 (April, 1937)." 231 F.2d 328, 329.

See Rollins v. United States, 9 Cir., 286 F.2d 761.

It appears to us that Rule 41(b) provides adequate protection against unreasonable delay in serving process or in prosecuting the suit.

If Rule 3 is read in connection with other rules, no support is found for defendant's position. Rule 4(a) makes it the duty of the clerk to issue summons forthwith after the filing of the complaint and to deliver process to the marshal for service. Rule 4(c) provides for service by the marshal. Thus the duties with respect to obtaining service are placed upon federal officials, not upon the plaintiff. The Rules Committee apparently believing that so placing the burden was of some significance in upholding the validity of the rules states in its notes:

"When a federal or state statute of limitations is pleaded as a defense, a question may arise under this rule whether the mere filing of the complaint stops the running of the statute, or whether any further step is required, such as, service of the summons and complaint or their delivery to the marshal for service. The answer to this question may depend on whether it is competent for the Supreme Court, exercising the power to make rules of procedure

without affecting substantive rights, to vary the operation of statutes of limitations. The requirement of Rule 4(a) that the clerk shall forthwith issue the summons and deliver it to the marshal for service will reduce the chances of such a question arising. Original Committee Note of 1937 to Rule 3, 2 Moore, Federal Practice § 3.01[2]."

There can no longer be any serious question as to the validity of the rules of civil procedure. See Hanna v. Plumer, supra.

There is some support for defendant's position in the federal cases. Prior to the adoption of the Rules of Civil Procedure, federal courts held that an action in equity was commenced for the purpose of tolling the statute of limitations by the filing of the complaint with intent to prosecute the suit diligently, provided reasonable diligence was shown in obtaining service of process. See Linn & Lane Timber Co. v. United States, 236 U.S. 574, 578, 35 S.Ct. 440, 59 L.Ed. 725; United States v. Hardy, 4 Cir., 74 F.2d 841, 842; 1 Barron & Holtzoff, Federal Practice & Procedure § 163. A number of states make diligence in obtaining service a requisite for the purpose of tolling their statutes of limitations.

Some cases decided subsequent to the adoption of the Rules have retained the pre-rule view that due diligence in obtaining service is necessary in order to toll the statute of limitations. See Hixon v. Highsmith, E.D.Tenn., 147 F.Supp. 801; International Pulp Equip. Co. v. St. Regis Kraft Co., D.C., 55 F.Supp. 860.

Another line of cases holds that it is the filing of the complaint when followed by the lodging of the writ with the marshal that tolls the statute of limitations. See Mohler v. Miller, 6 Cir., 235 F.2d 153; Hukill v. Pacific & Arctic R. R. & Nav. Co., 159 F.Supp. 571, 17 Alaska 498. Such result is reached by construing the rules together, more particularly by considering Rule 4(a) in conjunction with Rule 3. As heretofore pointed out, the rules place the obligation for the issuance and service of the summons upon

public officials. In our present case, the summons was in fact promptly issued and delivered to the marshal and service was promptly attempted, which subsequently proved to be invalid. There is no evidence of any affirmative action upon the part of the plaintiffs to obstruct the officers in the performance of the duties imposed upon them by Rule 4. Moreover, there has been no unreasonable delay in this case at least subsequent to the time when the dismissal for want of prosecution was set aside.

Substantial support is found in the decided federal cases for the position that the filing of the complaint is a commencement of the action for statute of limitations purposes. "[A] civil action is commenced and the running of the statute of limitations thereby interrupted by 'filing a complaint with the court.' * * It is clear that nothing more is required. The phrase 'filing a complaint,' as used in Rule 3, means nothing more than delivery of the complaint to an officer of the court authorized to receive it. * * *." Robinson v. Waterman S. S. Co., D.N.J., 7 F.R.D. 51, 53, 54. See Hoffman v. Halden, 9 Cir., 268 F.2d 280, 302; Huffmaster v. United States, N. D.Calif., 186 F.Supp. 120; Gallagher v. Carroll, E.D.N.Y., 27 F.Supp. 568. These decisions proceed on the theory that the only diligence required by the Rules is the filing of the complaint— that the issuance of and service of the summons are ministerial acts to be performed by the clerk and the marshal rather than placing the burden on the party plaintiff. See Gallagher v. Carroll, supra.

In Hoffman v. Halden, 9 Cir., 268 F.2d 280, 302, the court states:

"The filing of the complaint in the district court tolls the statute of limitations where the action is to enforce as here, a federally created right. Bomar v. Keyes, 2 Cir., 1947, 162 F.2d 136, 141. See, Ragan v. Merchants Transfer & Warehouse Co., 1949, 337 U.S. 530, 533, 69 S.Ct. 1233, 93 L.Ed. 1520; cf. Mohler v. Miller, 6 Cir., 1956, 235 F.2d 153."

Goldlawr, Inc. v. Heiman, 369 U.S. 463, 82 S.Ct. 913, 8 L.Ed.2d 39, involves an antitrust action brought in a court lacking venue. The court, after holding that 28 U.S.C.A. § 1406(a) is broad enough to authorize the transfer of cases whether the court in which it was filed had jurisdiction over the defendants or not, states at p. 466, 82 S.Ct. at p. 916:

"When a lawsuit is filed, that filing shows a desire on the part of the plaintiff to begin his case and thereby toll whatever statutes of limitation would otherwise apply. *The filing itself shows the proper diligence on the part of the plaintiff which such statutes of limitation were intended to insure.* * * * It would at least partially frustrate this enlightened congressional objective to import ambiguities into § 1406(a) which do not exist in the language Congress used to achieve the procedural reform it desired." (Emphasis added.)

While the Court did not have squarely before it the issue now confronting us, the emphasized language in the foregoing quotation reflects the view of the Court that the filing of the complaint without more constitutes the commencement of an action.

In Burnett v. New York Central R.R. Co., 380 U.S. 424, 85 S.Ct. 1050, 13 L.Ed. 2d 941 (April 5, 1965), the Supreme Court held an FELA action was not barred by limitation. In the opinion, the Court cites and relies upon Goldlawr and states:

"Congress thereby recognized that the filing of a lawsuit 'itself shows the proper diligence on the part of the plaintiff which * * * statutes of limitation were intended to insure. If by reason of the uncertainties of proper venue a mistake is made * * * "the interest of justice" may require that the complaint * * * be transferred in order that the plaintiff not be penalized by * * * "time-consuming and justice-defeating technicalities." ' "

We find nothing in § 15b which points to any different result.

Recently, the Supreme Court has enunciated the test to be used in determining whether, under a given set of facts, a statute of limitations is to be tolled: "[T]he basic inquiry is whether congressional purpose is effectuated by tolling the statute of limitations in given circumstances." Burnett v. New York Central R.R. Co., supra; see Minnesota Mining & Mfg. Co. v. New Jersey Wood Finishing Co., 85 S.Ct. 1473, 1478. The legislative history of 15 U.S.C.A. § 15b indicates that Congress intended to require only the filing of a complaint to toll the running of the statute:

> "The present bill would assure all plaintiffs of at least 4 years from the time their cause of action accrued in which to institute suit. It would also guarantee every plaintiff at least a year from the close of a Government antitrust suit to prepare his case and file his complaint." 1955, U.S.Code Cong. & Ad.News p. 2333.

Section 15b was enacted subsequent to the adoption of the Rules. Thus, with knowledge that Rule 3 required only the filing of a complaint to commence an action, had Congress desired any additional steps to be taken they would have enumerated them. However, an adequate remedy for a party, such as the plaintiffs in the instant case, when due diligence is not exercised in properly serving a defendant with a summons, is available under Rule 41(b).

The plain unambiguous language of Rule 3 and § 15b supported by legislative history and the court decisions previously discussed, leads us to the conclusion that under the facts of our present case the applicable statute of limitations is tolled by the filing of the complaint. No reasonable basis exists for engrafting upon the rule or statute a condition that summons be served with diligence. If Congress or the rule makers had intended to impose such condition, it would have been a simple matter to include the condition by appropriate language in the rule or the statute. As heretofore pointed out, the Rules Committee deliberately chose not to impose any such condition.

The trial court erred in holding that diligence in serving process was required to toll the statute of limitations. Since diligence in serving process is not a material issue in this case, we do not reach the question of whether under the present record the court would be justified in finding a lack of diligence in this respect. The court had no Rule 41(b) motion before it and hence the issue of diligence under the law as we have interpreted it is not in the case.

The judgment dismissing the complaint is reversed. This case is remanded to the trial court for further proceedings consistent with the views expressed in this opinion.