**Elaine S. NEWHART, also known as Elaine G. Salem, and Barry Newhart, husband and wife, Plaintiffs,**

v.

**The GEORGE F. HELLICK COFFEE COMPANY, Defendant.**

**Civ. A. No. 44157.**

United States District Court,
E. D. Pennsylvania.

April 23, 1971.

---

5. United States v. Seeger, 1965, 380 U.S. 163, at pp. 184–185, 85 S.Ct. 850, at p. 863, 13 L.Ed.2d 733:

"In such an intensely personal area, of course, the claim of the registrant that his belief is an essential part of a religious faith must be given great weight. * * * Their [local boards and courts] task is to decide whether the beliefs professed by a registrant are sincerely held and whether they are, in his own scheme of things, religious.

"But we hasten to emphasize that while the 'truth' of a belief is not open to question, there remains the significant question whether it is 'truly held.' This is the threshold question of sincerity which must be resolved in every case. It is, of course, a question of fact— * * *."

Gary Leedes, Philadelphia, Pa., for plaintiffs.

John F. Naulty, Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

DITTER, District Judge.

This case involves belated service of process. It comes before us on a motion to dismiss the complaint.

Plaintiffs, Elaine S. Newhart and Barry Newhart, her husband, seek damages for injuries received as a result of an automobile accident which occurred in Stroudsburg, Pennsylvania, on December 9, 1965. On October 20, 1967, plaintiffs instituted suit in the Court of Common Pleas of Philadelphia against the defendant, The George F. Hellick Coffee Company. On November 22, 1967, the instant case was filed in the United States District Court. The summons was returned by the marshall marked "Not Found" on December 13, 1967. Although plaintiffs' suit in state court proceeded in an orderly fashion, nothing further was done in this federal action until January 4, 1971, when an alias summons was filed. Service on the defendant was completed on January 25, 1971.

Defendant now argues that the statute of limitations has run on this action. Under the Federal Rules, the filing of a complaint is sufficient to toll the statute. Nevertheless, a plaintiff must exercise due diligence to perfect service after the filing of the complaint, and the question of due diligence is one for the court to decide on an ad hoc basis: Elizabethtown Trust Company v. Konschak, 267 F.Supp. 46, 48 (E.D.Pa. 1967).

In Pennsylvania state courts, a writ of summons may be reissued only for a period of time which, when measured from the date of the original issuance of the writ (or the date of a subsequent valid reissuance thereof) is not longer than the period of time required by the applicable statute of limitations for the bringing of the action: Peterson v. Philadelphia Suburban Transportation Company, 435 Pa. 232, 255 A. 2d 577 (1969); Yefko v. Ochs, 437 Pa. 233, 263 A.2d 416 (1970).

While we are not bound by *Peterson*, it does offer a point of reference for determining the diligence with which Pennsylvania lawyers should act in processing their federal actions. In order to comply with the standard of *Peterson*, plaintiffs would have had to reissue

their summons at some time prior to November 22, 1969. They waited almost 14 months beyond that time.

Even without *Peterson's* guidance, we do not believe that due diligence has been exercised in the present case. The service involved was not effected for more than six years following the date of the accident and more than four years after the filing of the complaint. In an effort to establish that due diligence had been exercised, plaintiffs filed an affidavit of fact in which their original attorney states that he recalls "mentioning to [counsel for the defendant] the pendency of the companion suit in the federal court." In addition, the affidavit states that counsel "was surprised to learn from Gary C. Leeds, Esquire, [plaintiffs' present counsel] that the marshall never served the defendant in the above captioned case. This fact was never brought to [original counsel's] attention, and if it had been [original counsel] would have taken immediate steps to see that service was properly made." It is also stated that at the time the complaint was commenced in federal court the United States Marshall's office did not send out cards to attorneys disclosing that defendants were "Not Found".

We believe that plaintiffs' affidavit clearly shows that due diligence was not exercised. There is no reason why the responsibility for checking on the service of original process should be shifted from counsel for plaintiff to counsel for a defendant. It is incumbent upon plaintiff's attorney to get his suit started properly and a casual conversation with a potential adversary does not alter the burden. The fact that the marshall's office did not send "Not Found" notices to counsel does not strengthen plaintiffs' case. On the contrary, it presents compelling reason for having counsel check the service.

Under the circumstances, there is no justification whatever for permitting the belated completion of service of process. Accordingly, the motion to dismiss will be granted.