Robert G. **WEAVER** et al., Plaintiffs,

v.

**UNITED CALIFORNIA BANK**, a California corporation, et al., Defendants.

No. C–71–1738 SW.

United States District Court,
N. D. California.

Nov. 14, 1972.

**1374** 

James B. Schnake, Oakland, Cal., Victor J. Haydel, III, Jerome I. Braun, Farella. Braun & Martel, San Francisco, Cal., for plaintiffs.

Jack W. Crumley, John C. Stiska, Michael L. Kirby, Luce, Forward, Hamilton &ˆScripps, San Diego, Cal., for defendant Charles E. Salik.

John B. Bates, Alson R. Kemp, Jr., Pillsbury, Madison & Sutro, San Francisco, Cal., Sherman Welpton, Jr., Robert Forgnone, J. Michael, Brennan, Gibson, Dunn & Crutcher, Warren Christopher, William W. Vaughn, B. Boyd Hight, Jr., O'Melveny & Myers, Los Angeles, Cal., for defendants.

## ORDER AND MEMORANDUM

SPENCER WILLIAMS, District Judge.

### MOTION TO DISMISS

Defendant Charles E. Salik moves for dismissal under Rule 12(b) claiming that the statutory cause of action against him is barred by the statute of limitations. After considering the papers submitted and hearing argument on the matter, the court finds that defendant's motion should be denied.

This lawsuit arises out of alleged violations by defendants of the Securities Exchange Act of 1933.[1] Defendant Salik was the president and a principal shareholder in the Salik Bank, which was acquired by United California Bank and renamed "UCB–Basel." The complaint alleges that solicitations made by defendants to plaintiffs during the capitalization of UCB–Basel were fraudulent in that defendants misrepresented the bank's true financial condition in two prospecti.

The complaint, which names as defendants UCB, UCB–Basel, Salik, and the directors of both boards, was filed October 5, 1971. Service was delayed by plaintiffs, however, until the following spring in order to complete investigation of the possibility of adding new parties and causes of action. This delay was expressly acceded to by counsel for the corporate defendants, but not by defendant Salik, who maintains he knew nothing about this action until he was served on June 26, 1972. Plaintiffs' counsel states that an effort was made during the winter to contact Salik but that the attempt, admittedly languid, was unsuccessful.

On July 3 Salik moved to dismiss the action as to him under Rule 41(b). The motion was denied on the ground that it was not shown that the delay of service was unreasonable or that it resulted in any prejudice to him.

 Turning to the instant motion, Salik concedes that the complaint was filed within one year after the discovery by plaintiffs of the alleged unlawful activities by the defendants.[2] He argues,

---

1. Pendent claims of common law fraud are also stated. The present motion and this ruling, however, are directed only to the statute(s) of limitation applicable to the federal claims.

2. Section 13 of the 1933 Act provides that claims under Section 12(2) must be brought within one year. There exists some disagreement as to the appropriate statute of limitations with respect to

however, that the statute of limitations was not tolled by the filing of the complaint, that it continued to run until he was served nine months later, and that the suit is thus barred as to him. This argument is an echo of that made in support of his previous motion under Rule 41(b), and should be allowed to fade accordingly.

Rule 3 of the Federal Rules of Civil Procedure states:

A civil action is commenced by filing a complaint with the court.

Although there is some authority to the effect that equitable considerations can be allowed to alter this otherwise simple, mechanical rule, the court is of the opinion that those cases misapply the statute and, in any event, are distinguishable on their facts.

In Murphy v. Citizens Bank of Clovis, 244 F.2d 511 (10th Cir. 1957) the complaint stated a common law claim and jurisdiction in the District Court in New Mexico was based exclusively on diversity of citizenship. The suit was admittedly filed for the express purpose of tolling the statute and nothing was done by plaintiff's attorney for over a year, when the clerk of the court notified him that the suit was subject to dismissal for lack of prosecution. The complaint was finally served, but the trial court dismissed the case on an express finding of lack of reasonable diligence on the part of the plaintiff.

Newhart v. George F. Hellick Coffee Company, 325 F.Supp. 1047 (E.D.Pa. 1971) also dealt with a claim based exclusively on diversity. The defendant was served more than six years after the claim arose and more than four years after the filing of the complaint. The identical suit had been filed and the complaint served in a state court action.

The court found "there [was] no justification whatever for permitting the belated completion of service of process." *Newhart, supra,* at 1049.

Although both the *Murphy* and *Newhart* courts ruled in terms of the statute of limitations, it is apparent that they treated the issues in much the same context as are motions under Rule 41(b). Neither case mentions the rule, but language such as "continued lack of due diligence" (*Murphy* 244 F.2d at 512) and "no justification whatever for . . . the belated . . . service . . . ." (*Newhart* 325 F.Supp. at 1049) clearly indicates that the courts were concerned with evils that Rule 41(b) was designed to remedy.[3]

As mentioned above, the alleged causes of action in both *Murphy* and *Newhart* were of common law derivation; no federal statute or constitutional question was involved and jurisdiction was based solely on diversity. The state statutes of limitations applied. Given these factors, both courts were strongly influenced by the respective state rules regarding service of process and state court decisions addressing the question of what constitutes "due diligence" by lawyers in prosecuting their actions.

In both cases there was but a single defendant, and when the motions to dismiss were granted, the entire lawsuits came to an end. In the present action, the movant is but one of at least thirty-nine defendants; dismissal as to him will not remove from the court's calendar a "stale claim" (even assuming it could be characterized as such in the first instance) which, in large part, the statute of limitations is designed to outlaw.

Even if defendant's position with respect to the tolling of federal statutes of

Section 10(b). For purposes of the present motion, it will be assumed, but not ruled, the one year statute obtains. See page 1376 *infra.*

3. See, also, Schram v. Holmes, 4 F.R.D. 119, 122 (E.D.Mich.1943), relied on by Elizabethtown Trust Co. v. Konschak,

267 F.Supp. 46 (E.D.Pa.1967), cited in the *Newhart* decision 325 F.Supp. at page 1048. In *Schram* the court was expressly concerned with possible *prejudice* accruing to the defendant by plaintiff's unreasonable delay of service a principal consideration in a Rule 41(b) motion.

limitations were correct, which, as discussed below, the court is convinced it is not, the motion would yet fail, as plaintiffs' delay of service was not marked by the same degree of non-diligence as was found in the cases cited above.

But the court is of the opinion that the *better rule* with respect to the tolling of the statute of limitations is that espoused in Moore Company of Sikeston, Missouri v. Sid Richardson Carbon & Gasoline Co., 347 F.2d 921 (8th Cir. 1965) cert. denied 383 U.S. 925, 86 S.Ct. 927, 15 L.Ed.2d 845 (1965), rehearing denied 384 U.S. 914, 86 S.Ct. 1335, 16 L.Ed.2d 367 (1965), and Messenger v. United States, 231 F.2d 328 (2nd Cir. 1956). These carefully reasoned decisions treated the late service problem vis-a-vis Rule 41(b). In *Moore* it was held that:

> [I]n a case . . . based upon federal law and controlled by federal statute of limitation . . . the commencement of the action in and of itself is sufficient to toll the statute. *Moore, supra,* 347 F.2d at 922.
>
> \* \* \* \* \* \*
>
> No reasonable basis exists for engrafting upon the rule or statute a condition that summons be served with diligence. If Congress or the rule makers had intended to impose such condition, it would have been a simple matter to include the condition by appropriate language in the rule or the statute. As heretofore pointed out, the *Rules Committee deliberately* chose not to impose any such condition. *Moore, supra* at 925.

And in *Messenger* the court observed that:

> Rule 3 clearly provides "a civil action is commenced by filing a complaint with the court." When the rules were being formulated and preliminary drafts were circulated and debated by the bench and bar throughout the country, it was at first proposed that the action should abate unless personal jurisdiction by service of process was acquired within 60 days. An alternative proposal was that the action should abate for failure to serve process within 60 days "unless within that period the court for good cause shown extends the time for service." . . . In the end, however, no time was specified for the service of process, the Advisory Committee noting that the motion sanctioned by Rule 41(b) provided "a method available to attack unreasonable delay in prosecuting an action after it has been commenced." *Messenger, supra,* 231 F.2d at 329.

Plaintiffs assert that the court should apply California's three year statute of limitations for fraud actions to their § 10(b) claim. Defendant urges the court to apply the one year statute established for state actions arising under the California Corporate Securities Law. The court declines to rule on this question, as the discussion above disposes of the matter under either theory.

## CERTIFICATION FOR APPEAL UNDER 28 U.S.C. § 1292(b)

▆ Defendant's motion for certification for interlocutory appeal is denied. Although a ruling on a statute of limitations question is appealable under Section 1292(b) (Atlantic City Electric Company v. General Electric Company, 207 F.Supp. 613 (S.D.N.Y.1962), aff'd., 312 F.2d 236 (2nd Cir. 1962), cert. denied, 373 U.S. 909, 83 S.Ct. 1298, 10 L.Ed.2d 411 (1963)), the court believes that there is no substantial ground for difference of opinion that in an action setting forth a federal claim, where a federal statute of limitations controls, the statute is tolled by the filing of the action. Defendant cites no case to the contrary, and the simple language of Rule 3, logic, and the authorities discussed above militate against any other conclusion.

Accordingly, defendant Salik's motions to dismiss and for certification under Section 1292(b) are denied.

It is so ordered.