**UNITED STATES of America, Plaintiff,**

v.

**Gustav WAHL et al., Defendants.**

**No. 34922.**

United States District Court, E. D. Michigan, S. D.

Jan. 28, 1976.

---

Samuel J. Behringer, Detroit, Mich., for plaintiff.

Harvey R. Dean, Wall & Dean, Warren, Mich., for defendants.

## MEMORANDUM OPINION AND ORDER

JOINER, District Judge.

This case presents the issue whether a federal statute of limitations has effectively run on the government's claim against the defendant for breach of contract where more than five years elapsed between the filing of the complaint and service of process upon the defendant.

This was a contract action initiated under 28 U.S.C. § 1345 by the United States against Gustav Wahl, Theodore Wahl, and Richard Wahl, d/b/a Maple

Lane Die and Machining Co., and Walco, Inc., Michigan business entities, jointly and severally. The complaint, filed May 22, 1970, alleged that defendants contracted with the Army to supply tripod fixtures for guided missiles on June 19, 1961 and later breached the contract by providing inferior pre-production samples which failed to meet contract specifications. Plaintiff terminated the contract due to defendants' poor workmanship and expended some $25,000 in consequence of the breach.

Defendants failed to answer the complaint, and the court entered a default judgment against all defendants, jointly and severally, on August 3, 1970 in the amount of $23,000.17. Plaintiff sought, somewhat unsuccessfully, to execute upon this judgment from its date of entry through 1975 on the joint property of the defendants and now on the individual property of Richard Wahl. In June, 1975, defendant Richard Wahl moved to set aside the judgment as to him in his individual capacity for the government's failure to effect service upon him as prescribed by Fed.R.Civ.P. 4.

On August 25, 1975, the court vacated the default judgment against Richard Wahl individually and declared the judgment void for lack of personal jurisdiction. Service intended to bind Richard Wahl individually was made upon his father, Gustav, at the family's place of business. In vacating the default judgment against Richard Wahl, the court found such service ineffective under Fed. R.Civ.P. 4(d)(1).[1] On October 3, 1975, plaintiff filed an amended complaint and effected personal service upon Wahl ten days later.

Defendant now moves for summary judgment on the grounds that the statute of limitations has run on the complaint because he was not served until October 13, 1975, more than nine years after the six-year limitation period provided for a government contract action began to run on July 18, 1966. *See* 28 U.S.C. § 2415(a) and (g). Wahl theorizes that although this suit was initiated on May 21, 1970, within the limitations period, the government failed to serve him until October, 1975, more than three years after the statute had run. Wahl claims that plaintiff has not been diligent in effecting service, knew his whereabouts at all times, and has prejudiced his ability to defend suit by its delay. Wahl urges that the court look to M.C.L.A. § 600.5856, which provides for the tolling of statutes of limitations upon the filing of the complaint and service of process upon the defendant, rather than to Fed.R.Civ.P. 3 which provides that an action is commenced upon filing a complaint.

In response to the motion, the government asserts that the statute of limitations was tolled by commencement of this action on May 21, 1970 and did not begin to run anew until the court vacated the default judgment against Richard Wahl on August 26, 1975. The government contends that state law has no bearing on the present motion, that plaintiff was not dilatory in effecting service, and that plaintiff is entitled to an additional time period within which to serve defendant. The record for this motion consists of the file in this case. Neither party disputes the facts.

That this matter is governed by federal law is beyond dispute. This is a suit by the United States against private parties for breach of contract. Jurisdiction is invoked under 28 U.S.C. § 1345, and federal statute provides a limitations period. As a general rule, commencement of an action in compliance with Rule 3 is sufficient to toll a federal stat-

---

1. *See, e. g., Rabiolo v. Weinstein,* 357 F.2d 167 (7th Cir. 1966) (service in civil rights action defective where process is left with employee of U.S. Attorney rather than by personal delivery to agents sued); *DeFazio v. Wright,* 229 F.Supp. 111 (D.N.J.1964) (service upon husband at place of employment defective as to wife in diversity action based upon negligence); *Bell v. Hosse,* 31 F.R.D. 181 (M.D. Tenn.1962) (service upon police chief at headquarters ineffective as to police officers sued individually in civil rights action.) *See Generally* 4 Wright & Miller, *Federal Practice & Procedure,* § 1096 at 364.

ute of limitations. *See* 2 *Moore's Federal Practice* ¶ 3.07[5] at 787. The statute of limitations here involved, 28 U.S.C. § 2415, itself provides that in this type of case the action "shall be barred unless the complaint is filed within six years after the right of action accrues." Because of the savings provision contained in subsection (g) of section 2415 which permits any right of action accrued prior to the date of enactment to be deemed accrued on the date of the Act's passage, July 18, 1966, the complaint, filed May 21, 1970, appears to have tolled the statute of limitations on that date.

The nub of defendant's motion is that the statute was "conditionally tolled" by filing and continued to run until the first effective date of service upon him, October 13, 1975, under the unusual circumstances of this case. Defendant invokes an exception to Rule 3 which holds that delay in service of the summons and complaint may nullify the effect of filing the complaint and, by the same token, the tolling of the statute of limitations. *See* 4 Wright & Miller, *Federal Practice & Procedure* § 1056, at 179:

> "Because the federal rules contain no provision limiting the time for service of the summons and complaint following filing, the court must look to the time interval involved between filing and service, and the reasons for the delay, in determining whether the statute of limitations has been effectively tolled."

The exception invoked by defendant here is grounded in cases involving diversity of citizenship jurisdiction where courts look to state law to resolve tolling problems. *See, e. g., Smith v. Skakel,* 444 F.2d 526 (6th Cir. 1971) (service three and one-half years after expiration of limitations period held unreasonable under Michigan law); *Murphy v. Citizens Bank of Clovis,* 244 F.2d 511 (10th Cir. 1957) (delay of one year between filing and service, attributable to plaintiff's desire to toll state statute of limitations is evidence of lack of diligence); *Newhart v. George F. Hellick Coffee Co.,* 325 F.Supp. 1047 (E.D.Pa.1971) (service

more than four years after filing complaint held dilatory).

The most comprehensive case espousing a contrary view where a federal cause of action is concerned is *Moore Co. v. Sid Richardson Carbon & Gas Co.,* 347 F.2d 921 (8th Cir. 1965). *Moore* was an action for violation of federal antitrust laws in which defendant urged that the action was barred by the statute of limitations because the plaintiff was not diligent in obtaining valid service. The court rejected this view, holding that in a case based upon federal law and controlled by a federal statute of limitations, commencement of the action in and of itself is sufficient under Rule 3 to toll the statute of limitations. *Id.* at 922.

The court found Rule 3's language unmistakably clear and observed that Rule 41(b) provides adequate protection against unreasonable delay in serving process or in prosecuting suit. The court also observed that, under Rule 4, the duties with regard to obtaining service are placed upon federal officials, not plaintiff. The court distinguished an older line of cases derived from pre-rule equity practice which held that filing coupled with diligent service tolled the statute of limitations and rejected those post-rule cases which require more than filing a complaint:

> "No reasonable basis exists for engrafting upon the rule or statute [federal statute of limitations] a condition that summons be served with diligence. If Congress or the rule makers had intended to impose such condition, it would have been a simple matter to include the condition by appropriate language in the rule or the statute. As heretofore pointed out, the Rules Committee deliberately chose not to impose any such condition."

*Id.* at 925.

The *Moore* approach is not without support. *See, e. g., Weaver v. United California Bank,* 350 F.Supp. 1373 (N.D. Cal.1972) (Federal securities action; commencement of suit governed by Rule 3; diligence properly raised as Rule 41

motion); *Fitzgerald v. Appolonia*, 323 F.Supp. 1269 (E.D.Pa.1971) (Civil rights action; Rule 3 controls); *McCrea v. General Motors*, 53 F.R.D. 384 (D.Mont.1971) (diversity action; Rule 3 controls commencement of suit; diligence questions should be treated under Rule 41). *See also Grammenos v. Lemos*, 457 F.2d 1067 (2d Cir. 1972); *Messenger v. United States*, 231 F.2d 328 (2d Cir. 1956); *Lippa & Co. v. Lenox Inc.*, 305 F.Supp. 175 (D.Vt.1969).

The court is not persuaded that Rule 3 is so inflexible as to preclude regard for the unusual circumstances of the present case. This lawsuit arises out of an alleged wrong now some 15 years old. Enactment of 28 U.S.C. § 2415 on July 18, 1966, providing for accrual of the government's claim on that date, permitted plaintiff's cause of action to be brought until July 18, 1972. Although the complaint was filed on May 22, 1970, within the limitations period, defendant was not personally served until October 13, 1975, some three years beyond the limitations period.

The record discloses that the plaintiff had actual knowledge of defendant's residence because it sent a series of demand letters to defendant at his home address prior to entry of the default judgment on August 3, 1970 and made attempts to satisfy the judgment after entry, also by correspondence sent to defendant's home address. Nevertheless, plaintiff was content to commence formal legal action against defendant by service upon his father at the family's place of business, a mode of service hardly calculated to apprise him that his personal assets might be in jeopardy.

■ The government may not use the court's entry of a default judgment against the defendant as a shield in this case. That judgment, void for lack of personal jurisdiction, was a nullity. *See, e. g., In Re Penco Corp.*, 465 F.2d 693 (4th Cir. 1972); *Misco Leasing Inc. v. Vaughn*, 450 F.2d 257 (10th Cir. 1971); *Taft v. Donellan Jerome, Inc.*, 407 F.2d 807 (7th Cir. 1969). There can be no laches on the part of a judgment debtor

who has not been served and over whom the court does not have personal jurisdiction and who challenges the judgment for lack of jurisdiction. *See* Wright & Miller, *supra*, § 2862, at 197–98.

■ To read Rule 3 literally and to require that defendant resort to Rule 41(b) for relief, as *Moore* and its progeny suggest, unnecessarily exalts form over substance. The essence of defendant's motion for summary judgment is an attack upon the plaintiff's negligence or dilatoriness in prosecuting its case against him, the essence of a motion to dismiss under Rule 41(b). Moreover, it is not necessary that defendant make a motion to give the court power to dismiss for failure to prosecute an action. The Rule accords the court inherent power to dismiss *sua sponte* for lack of prosecution. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962).

■ This court is unwilling to absolve plaintiffs suing on a federal cause of action from all responsibilities connected with service merely because Rule 4 places upon federal marshals the ministerial duty of service. The United States Marshal and other federal officials charged with the responsibility to issue summons and to serve process can only act upon information supplied by parties litigant. The plaintiff has the obligation of seeing that jurisdiction is acquired over the defendant. As between a plaintiff who fails to see that the marshal actually serves process as required and a defendant who has not been served, the loss for the failure should fall on the plaintiff.

■ In recent years, courts have recognized a judicial power to toll a federal statute of limitations under circumstances not inconsistent with the legislative purpose. *See American Pipe & Construction Co. v. Utah*, 414 U.S. 538, 559, 94 S.Ct. 756, 38 L.Ed.2d 713 (1974); *Burnett v. New York Central R. Co.*, 380 U.S. 424, 428, 85 S.Ct. 1050, 13 L.Ed.2d 941 (1965); *Butler v. Teamsters Local 823*, 514 F.2d 442, 449 n. 10 (8th Cir.

1975); *Taliaferro v. Dykstra,* 388 F.Supp. 957, 960 (E.D.Va.1975).

■ This power, however, ought to be a sword which cuts both ways. A statutory limitations period is primarily designed to assure fairness to defendants and to promote justice by preventing surprises through the revival of claims that have been allowed to slumber until evidence has been lost, memories have faded, and witnesses have disappeared. *Burnett v. New York Central R. Co., supra,* 380 U.S. at 428, 85 S.Ct. 1050. The purpose of a limitations period is ill-served when a court permits tolling through literal compliance with Rule 3 without regard to subsequent events, for example, dilatoriness in service, which prejudice a defendant and give rise to the very evils a statute of limitations is designed to prevent. In addition, the court finds nothing in the legislative history of 28 U.S.C. § 2415 to suggest that Congress sought to preclude use of the limited type of exception to the "filing equals tolling" rule advocated here by the defendant.

■ For the foregoing reasons, the court holds that the federal statute of limitations governing plaintiff's claim for breach of contract against the defendant was only conditionally tolled under Rule 3 by the filing of the complaint on May 22, 1970. Plaintiff's failure to effect service within a reasonable time, under the unusual circumstances of this case, or to indicate any reason why service could not have been so made, operated to keep the statute running until that date. Thus, plaintiff's action against defendant is now time barred, service having been effected more than three years after expiration of the limitations period on July 18, 1972. Accordingly, defendant's motion for summary judgment is granted.

So ordered.