**UNITED STATES of America,
Plaintiff-Appellant,**

v.

**Gustav WAHL et al.,
Defendants-Appellees.**

No. 76–1642.

United States Court of Appeals,
Sixth Circuit.

Argued Oct. 14, 1977.

Decided Sept. 14, 1978.

James K. Robinson, U. S. Atty., Detroit, Mich., Ronald R. Glancz, Mark Mutterperl, Appellate Sect, Civil Div., Dept. of Justice, Washington, D. C., for plaintiff-appellant.

Harvey R. Dean, Wall & Dean, Warren, Mich., for defendants-appellees.

Before WEICK and LIVELY, Circuit Judges and WALINSKI, District Judge.*

WALINSKI, District Judge.

The United States appeals from a judgment dismissing a breach of contract action, brought pursuant to 28 U.S.C. § 1345, on the ground that it was barred by the applicable statute of limitations. The principal issue presented is whether commencement of an action in compliance with 28 U.S.C. § 2415(a), and with Rule 3, F.R.Civ.P., is sufficient, without more, to toll a federal statute of limitations.

This action arises out of an alleged breach of a government procurement contract by the Maple Lane Die and Machine Company, a partnership. The original complaint was filed on May 22, 1970, naming as defendants, the partnership, and each of its three partners, Gustav Wahl and his two sons, Theodore and Richard. It is undisputed that the applicable period of limitation is six years, as provided by 28 U.S.C. § 2415(a), and it is likewise undisputed that the statute of limitations began to run on July 18, 1966.[1]

Process was served by the United States Marshal upon the partnership and upon Gustav and Theodore Wahl, personally, at

---

* The Honorable Nicholas J. Walinski, Judge, United States District Court for the Northern District of Ohio, sitting by designation.

1. Under the terms of the statute, all actions which accrued prior to the date of the act, July 18, 1966, are deemed to have accrued on the date of enactment. 28 U.S.C. § 2415(g).

the family's place of business on June 1, 1970. On the same date, a copy of the summons and complaint was left by the Marshal at the family place of business with Gustav Wahl, as purported service on his son, Richard, appellee herein. None of the defendants appeared in the action, and on August 3, 1970, a default judgment was awarded to the government against all of the defendants jointly and severally. Three days after entry of the default judgment, appellee Richard Wahl was sent a certified copy of the judgment, which clearly showed that judgment had been entered against him individually as well as against the partnership.

On May 22, 1975, nearly five years after entry of the default judgment against him, appellee moved to set aside the judgment as to him in his individual capacity on the ground that the government failed to effect service upon him as prescribed by Rule 4, F.R.Civ.P. On August 26, 1975, the district court vacated the default judgment against Richard Wahl individually, and declared the judgment void for lack of personal jurisdiction.

The government filed an amended complaint on October 3, 1975, and ten days later properly served Richard Wahl. Wahl then moved for summary judgment on the grounds that the six-year statute of limitations had run in 1972, and the suit was therefore time barred. On January 28, 1976, District Court Judge Charles Joiner held that the federal statute of limitations controlling the government's claim was only "conditionally tolled" under Rule 3 by the filing of the complaint on May 22, 1970, but that the government's failure to effect proper service within a reasonable time operated to keep the statute running. Judge Joiner found that proper service was not effected until three years after expiration of the limitations period, and therefore granted Defendant Wahl's motion for summary judgment. *United States v. Wahl*, 406 F.Supp. 1396 (E.D.Mich.1976).

For the reasons hereinafter stated, we hold that literal compliance with Rule 3, F.R.Civ.P., is sufficient to interrupt the running of a federal statute of limitations.[2] We reverse the decision of the district court and remand for further proceedings consistent with this opinion.

As the district court recognized, "the manner in which an action is commenced, and when it is deemed to have been begun, are governed by the law of the forum." *Mohler v. Miller*, 235 F.2d 153, 155 (6th Cir. 1956). Accordingly, federal courts must look to Rules 3 and 4 of the F.R.Civ.P. to determine when an action is commenced. *Smith v. Peters*, 482 F.2d 799 (6th Cir. 1973). *See also Hanna v. Plumer*, 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965).

Rule 3 simply states:

A civil action is commenced by filing a complaint with the court.[3]

Rule 4(a) provides:

(a) Summons: Issuance. Upon the filing of the complaint the clerk shall forthwith issue a summons and deliver it for service to the marshall or to a person specially appointed to serve it. Upon request of the plaintiff separate or additional summons shall issue against any defendants.

Read literally, Rule 3 requires that the plaintiff do nothing more to commence an action in federal court than file the complaint. Unlike many state rules of civil procedure, the Federal Rules establish no time period within which service of process must be completed in order to toll a period of limitations. Rule 4(a) places all duties

---

**2.** The government also appeals from the district court's holding that service of process upon Richard Wahl's father and partner at the family's place of business was insufficient to reach Richard's personal assets. In light of our ruling on the statute of limitations question, we deem it unnecessary to reach this issue.

**3.** Similarly, 28 U.S.C. § 2415(a), provides:

(a) * * * every action for money damages brought by the United States or an officer or agency thereof which is founded upon any contract express or implied in law or fact, *shall be barred unless the complaint is filed within six years after the right of action accrues * * *. (Emphasis added.)*

with respect to obtaining service upon federal officials, *viz.*, the clerk and marshal.

This Court previously considered the interrelationship between Rules 3 and 4 in *Mohler v. Miller, supra.* Therein, we reversed the district court's determination that the statute of limitations was not tolled until the summons was issued and lodged for service with the marshal, and held simply that, for statute of limitations purposes, a federal action is commenced when the complaint is lodged with the clerk. In so holding, the Court relied upon both the plain language of the Rules, and case authority from the United States Courts of Appeals for the Second and Tenth Circuits. *See Bomar v. Keyes,* 162 F.2d 136 (2d Cir. 1947), and *Isaacks v. Jeffers,* 144 F.2d 26 (10th Cir. 1944). The position that a federal action is commenced with the filing of the complaint, without more, is directly supported by the Eighth Circuit's more recent decision in *Moore Co. of Sikeston, Mo. v. Sid Richardson Carbon & Gas Co.,* 347 F.2d 921 (8th Cir. 1965), and by substantial other federal authority. *See, e. g., Windbrooke Development Corp. v. Environmental Enterprises, Inc. of Fla.,* 524 F.2d 461 (5th Cir. 1975); *Metropolitan Paving Co. v. Int'l Union of Operating Engineers,* 439 F.2d 300, 306 (10th Cir. 1971); *Weaver v. United California Bank,* 350 F.Supp. 1373 (N.D.Cal.1972); *McCrea v. General Motors Corp.,* 53 F.R.D. 384 (D.Mont.1971). *See also Messenger v. United States,* 231 F.2d 328 (2d Cir. 1956).

Notwithstanding the authority discussed above, and the plain language of Rule 3, the court below held that, on the facts of the instant case, appellee Wahl was entitled to invoke an "exception" to Rule 3 "which holds that delay in service of the summons and complaint may nullify the effect of filing the complaint and, by the same token, the tolling of the statute of limitations." *United States v. Wahl, supra,* 406 F.Supp. at 1399.

The "exception" to Rule 3 invoked in the instant case by the district court does find support in several cases involving diversity of citizenship jurisdiction. *See, e. g., Smith v. Skakel,* 444 F.2d 526 (6th Cir. 1971); *Murphy v. Citizens Bank of Clovis,* 244 F.2d 511 (10th Cir. 1957); *Newhart v. George F. Hellick Coffee Co.,* 325 F.Supp. 1047 (E.D. Pa.1971). These cases hold that where the controlling state law requires "due diligence" and/or "reasonable promptitude" in effecting service of process in order to toll a statute of limitations, the mere filing of a complaint is not sufficient to preserve the plaintiff's cause of action in a diversity case. We find the district court's reliance upon this authority to be misplaced for two reasons.

First, the holdings in the above-cited cases are inconsistent with the opinion of this Court in *Smith v. Peters, supra.* In *Smith,* an action brought under the court's diversity of citizenship jurisdiction, plaintiffs filed their complaint prior to the running of the one-year period of limitations provided by Kentucky law, but summons did not issue until after the period of limitations had run. Kentucky law provided:

> An action shall be deemed to commence on date of the first summons or process issued in good faith from the court having jurisdiction of the cause of action.

Ky.Rev.Stat. § 413.250 (1970). The district court in *Smith* noted the conflict between the Kentucky statute and Rule 3 of the Federal Rules, but determined that under the doctrine of *Erie R. R. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), the matter was to be resolved in favor of state law, and therefore dismissed the action.

In reversing the decision of the district court, we held that under the Supreme Court's decision in *Hanna v. Plumer, supra,* Federal Rule 3, which provides only that "[a] civil action is commenced by filing a complaint with the court," controls the question as to *when* an action is commenced in federal court. Since plaintiff's complaint had been filed prior to the expiration of the limitations period, we held that the action was timely filed. In light of *Hanna v. Plumer* and the *Smith* decision, we doubt (but do not decide) whether the "exception" to Rule 3 invoked by the court below has

any vitality in this Circuit even as applied to diversity of citizenship cases. *See generally 5 Moore's Federal Practice* ¶ 41.11[2] at 41–138 n. 40 (2d ed. 1977); *Walko Corp. v. Burger Chef Systems, Inc.*, 180 U.S.App. D.C. 306, 554 F.2d 1165 (1977).

More to the point, however, is the fact that the case *sub judice* arises under federal law, and the controlling period of limitations is established by federal statute. 28 U.S.C. § 2415(a). The Court has been provided with no authority recognizing an exception to Rule 3 where a federal statute of limitations is involved,[4] and in our view, the plain language of Rule 3 does not permit the creation of such an exception by judicial fiat.

To be sure, a literal reading of Rule 3 varies the common law rule under which both the filing of the complaint *and the exercise of due diligence in obtaining service* were required in order to toll the limitations period. However, the history of the promulgation of Rule 3 demonstrates that a modification of the common law was fully intended by the Advisory Committee. Judge Medina's summation of Rule 3's history in *Messenger v. United States, supra,* merits quotation:

> When the rules were being formulated and preliminary drafts were circulated and debated by the bench and bar throughout the country, it was at first proposed that the action should abate unless personal jurisdiction by service of process was acquired within 60 days. An alternative proposal was that the action should abate for failure to serve process within 60 days "unless within that period the court for good cause shown extends the time for service." See Preliminary Draft of Rules of Civil Procedure (May, 1936). In the end, however, no time was specified for the service of process, the Advisory Committee noting that the motion sanctioned by Rule 41(b) provided "a method available to attack unreasonable delay in prosecuting an action after it has been commenced." See Report of the Advisory Committee Containing Proposed Rules of Civil Procedure, p. 4 (April, 1937). * * *

231 F.2d at 329.

Based upon this history, the authority discussed above, and the plain and unambiguous language of Rule 3, we hold that, for limitations purposes, a civil action is commenced upon the filing of a complaint, and "remains pending in an inchoate state until service is completed. unless and until an action is dismissed for failure to prosecute under Rule 41(b)." *Messenger v. United States, supra,* 231 F.2d at 329. *Accord, Moore Co. of Sikeston, Mo. v. Sid Richardson Carbon & Gas Co., supra; Weaver v. United California Bank, supra; McCrea v. General Motors Corp., supra.* The government's complaint in this case was filed prior to the running of the statutory period of limitations, and we therefore find that the district court erred in granting summary judgment in favor of the defendant-appellee on the ground that the government's action was time barred.

Reversed and remanded for further proceedings consistent with this opinion.

---

4. *But cf. Shelley v. Bayou Metals,* 561 F.2d 1209, 1210 (5th Cir. 1977) (reserving the question whether a federal statute of limitations can be tolled if the failure of timely service of process is the fault of the plaintiff).