BOUTALL, Judge.
This is a case involving the validity of a limitation on liability provision in a bill-of-lading.
Briefly stated the facts are these: On June 23, 1973, Victor Suniga delivered a mobile home to National Trailer Convoy, Inc., appellant in this action, for transportation from Alexandria, Louisiana to Bakers Field, California. While en-route, the mobile home caught fire completely destroying' it and its contents. It is an uncontested fact that this fire was caused by the negligence of the appellant.
Foremost Insurance Company, the insurer of Suniga, brought suit as subrogee against National Trailer for damages for the loss of the trailer and contents. The liability of National Trailer was stipulated by both parties at trial. The trial judge rendered judgment in favor of Foremost Insurance Company in the amount of $7,057.49. National Trailer then took this appeal contending that: 1.) Suit was not timely instituted and alternatively 2.) liability was limited under the terms of the bill-of-lading.
I. THE TIMELY INSTITUTION OF SUIT:
The bill-of-lading in this case contains the following provision:
“Sec. 2(b) As a condition precedent to recovery a claim for any loss or damage, injury or delay, must be filed in writing with carrier within nine (9) months after *1259 delivery to consignee as shown on face hereof, or in case of failure to make delivery, then within (9) months after a reasonable time for delivery has elapsed; and suit must be instituted against carrier within two (2) years and one (1) day from the date on this Bill of Lading. Where a claim is not filed or suit is not instituted thereon in accordance with the foregoing provisions, carrier shall not be liable and such claim will not be paid.”
This provision was derived from the statutory authority granted to interstate carriers by the Interstate Commerce Act, found at 49 U.S.Code § 20(11).
Appellant admits that the first condition was met in that a timely claim was filed with the carrier. It contends, however, that the second condition concerning institution of suit has not been fulfilled. It is uncontested that suit was filed on July 18, 1974, approximately 10 months after the denial of the claim. Service of process was never effected on the appellant, however, and the first notice of suit came approximately 3 years from the-date of loss. It is asserted that the mere filing of the suit did not satisfy the contractual requirement.
In determination of this question, we must look to federal law since appellant is clearly correct in its assertion that federal law controls. See Neuss, Hesslein & Company, Inc. v. Louisville & Nashville R.R. Company, 221 La. 296, 59 So.2d 195 (1952). Rule 3 of the Federal Rules of Civil Procedure states that: “A civil action is commenced by filing a complaint with the court.” On its face, this rule provides that the statute of limitations is tolled merely by filing suit, as appellees have done in this case. Some federal courts, however, have imposed additional qualifications on the unambiguous text of this Rule.
In Newhart v. Hellick Coffee Company, D.C., 325 F.Supp. 1047 (1971) the court stated that although the filing of a complaint is sufficient to toll the statute of limitations under Rule 3, a plaintiff must exercise “due diligence” to perfect service after the filing to avoid dismissal of the complaint. See also U. S. v. Wahl, D.C., 406 F.Supp. 1396 (1976).
Other federal courts, however, adhere to the text of the Rule. In Moore Company v. Richardson Carbon & Gasoline Company, 347 F.2d 921 (8th Cir. 1965), the court, after a discussion of the legislative history of Rule 3, stated:
“No reasonable basis exists for engraft-ing upon the rule or statute a condition that summons be served with diligence. If Congress or the rule makers had intended to impose such condition, it would have been a simple matter to include the condition by appropriate language in the rule or the statute. As heretofore pointed out, the Rules Committee deliberately chose not to impose any such condition.”
See also Weaver v. United California Bank, D.C., 350 F.Supp. 1373 (1972).
We feel that the Moore Rule is preferable, at least in the context of this case. The contractual and statutory requirements of notice to carriers even before the statute of limitations begins to run mitigates the prejudice to the defendants which underlies the Hellick and Wahl reasoning. We find therefore that the filing of suit by appellees tolled the statute of limitations and we reject appellant’s contentions to the contrary. See also Pratt v. Durkop, 356 So.2d 1278 (Fla.App.1978).
II. THE LIMITATION OF LIABILITY PROVISION:
A section of the Freight Tariff reads as follows:
“Sec. 10 It is agreed that, subject to tariffs in effect, and the other conditions of this carriage, that the carrier shall be liable for loss of the household and personal effects and/or furnishings not a part of the trailer at point of manufacture for a value not exceeding Two Hundred Fifty Dollars ($250) unless the shipper shall declare the amount of valuation in excess of $250 and shall pay an additional charge at the rate provided in the tariff presently in effect.”
In accordance with this, a provision of the contract between the parties reads:
“Trailers for living purposes exclusive-íy:
“Unless a greater value for the household and personal effects and/or furnish *1260 ings, not a part of the trailer at point of manufacture, included in this shipment, is declared on this Bill of Lading the shipper hereby releases such property to a value not exceeding Two Hundred Fifty Dollars ($250.00).
“I declare the excess valuation of personal effects and furnishing to be $_
“Signed: - (Shipper or Agent)”
It must be noted that the contract is lettered mainly in black but that the quoted provision is lettered in red and is clearly visible on the face of the contract. No excess valuation or signature is present in that section.
These provisions are authorized by the Interstate Commerce Act, supra, which reads in pertinent part:
“ * * * any such limitation, without respect to the manner or form in which it is sought to be made is declared to be unlawful and void: (emphasis added) Provided, That if the loss, damage, or injury occurs while the property is in the custody of a carrier by water the liability of such carrier shall be determined by the bill of lading of the carrier by water and by and under the laws and regulations applicable to transportation by water, and the liability of the initial or delivering carrier shall be the same as that of such carrier by water: Provided, however, That the provisions hereof respecting liability for full actual loss, damage, or injury, notwithstanding any limitation of liability or recovery or representation or agreement or release as to value, and declaring any such limitation to be unlawful and void, shall not apply, first, to baggage carried on passenger trains or boats, or trains or boats carrying passengers; second, to property, except ordinary livestock, received for transportation concerning which the carrier shall have been or shall be expressly authorized or required by order of the Interstate Commerce Commission to establish and maintain rates dependent upon the value declared in writing by the shipper or agreed upon in writing as the released value of the property, in which case such declaration or agreement shall have no other effect than to limit liability and recovery to an amount not exceeding the value so declared or released, and shall not, so far as relates to values, be held to be a violation of section 10 of this title; * *
This statute specifically authorizes limitation of liability provisions where choice of rates is offered varying with the value of the property shipped. That is precisely the situation here.
Appellee argues that a carrier may not limit its liability for loss when such loss is the result of the carrier’s own negligence. The Louisiana cases cited by appellee are inapplicable since federal law controls. See Neuss, supra. Further, it is difficult to see how federal law prohibits such a limitation when it is specifically authorized by statute. It is true, as appellee points out, that there is jurisprudence to the effect that agreements which exempt a common carrier from liability caused by its own negligence are void. These decisions, however, point out that the Rule stated has no application to provisions limiting liability which are authorized by statute. See Southwestern Sugar & Molasses Company, Inc. v. River Terminals Corporation, 360 U.S. 411, 79 S.Ct. 1210, 3 L.Ed.2d 1334 (1959), footnote 9 at 420; and Lux Art Van Service, Inc. v. Pollard, 344 F.2d 883 (9th Cir. 1965) Footnote 8 at 887. We therefore find that the limitation on liability provision applies. The $5000 claim for household goods and personal articles should be reduced to $250.00.
IT IS THEREFORE ORDERED that the judgment below is amended to award $2,057.49 for the trailer plus $250 for the contents making a total of $2,307.49, with interest and costs and, as amended, is affirmed. Costs of this appeal to be borne by the appellee, Foremost Insurance Company.

AMENDED AND AFFIRMED.

LEMMON, J., dissents and assigns reasons.